Freedman, J.
In each of these cases the direction of the verdict proceeded upon the theory that the decision of the court of appeals in Govin v. De Miranda, 140 N. Y. 474; 55 St. Rep. 837, admitted of no other disposition. But under the decision rendered in March, 1894, by the general term of the supreme court in Govin v. De Miranda, 59 St. Rep. 337; 27 N. Y. Supp. 1049, which, after full re-examination on plaintiffs appeal, was reaffirmed by that court in June, 1894, and for the reason there stated, each of the cases now before us, by reason of the appearance of additional facts, is clearly to be distinguished from the case decided by the court of appeals. The result is that, upon the facts as they now appear, the judgments in favor of the plaintiff in the first and in the second of the above-entitled cases cannot be sustained. No estoppel appears in either of the two cases referred to which prevents the defendant from availing herself of the actual facts.
The third case, in which Emilia Govin is the plaintiff, presents, however, a new feature. In a former suit between the same parties and involving the title to the identical certificates it was determined by the supreme court that the plaintiff was the owner thereof; that the defendant, as executrix, etc., held the same as trustee for the plaintiff, and that the defendant, as such executrix, was bound to indorse the certificates for plaintiff’s benefit and to acknowledge the said indorsement, all of which was subsequently done. This judgment, which determined plaintiff’s title and ownership, is conclusive upon the defendant in the present action, and the question as to plaintiff’s title and ownership cannot be retried. The present action is for interest accrued upon the United States bonds represented by these certificates, which interest was collected by defendant’s testator in his lifetime. The interest payable by the terms of a contract is but an incident thereof, and presumptively belongs to whoever owns the contract when the interest falls due. This presumption may be overthrown by showing that the owner assigned the interest due or to become due, and in case it is payable upon the presentation of coupons, that they were detached and transferred by the owner. This is an affirmative defense. No such defense was made in this case. Nor is there any evidence establishing an intention on the part of the plaintiff to relinquish the interest. Plaintiff’s present claim for interest was not necessarily a part of the action by which her title and ownership was determined in the supreme court. Until she recovered the certificates with a proper indorsement thereon, she was not in a position to litigate the question of interest collected thereon by other parties. As regards the question of a former *412 conclusive adjudication as to title and ownership, and the consequent right of the plaintiff to recover interest, the case of Emilia Covín falls directly within the decision of the supreme court of the case of Felix St. Anna Govin v. Luciana Govin De Miranda, as Executrix, etc., 79 Hun, 329; 60 St. Rep. 586, which involved a claim, for interest upon nineteen railroad bonds. The decision last referred to also disposes of defendant’s contention as to the statute of limitations.
For the foregoing considerations the judgments and orders in the first two cases should be severally, reversed, and in each case a new trial ordered, with costs to the appellant to abide the event. In the third case the judgment and order should be affirmed, with costs.