In the Matter of the Final Accounting of FREDERICK E. BARNES, as Assignee, etc.

Except where there is a loss of interest by a failure of a trustee to make an authorized investment, he may not be made liable for interest not earned, and which could not have been earned by the exercise of vigilance, unless there has been a misappropriation by him of the trust fund or some misfeasance equivalent to it.

While it is the duty of a trustee, if he deposits the trust fund in bank, to make the deposit in his name, as trustee, the mere depositing of it in his individual name without adding his title, as trustee, is not *per se* such a misappropriation as will subject him to a charge for the full legal rate of interest.

An assignee for the benefit of creditors deposited the trust funds in a bank where he had an individual account, and they were credited to him in this account. An action was brought to set aside the assignment which was pending for over three years. Upon settlement of his accounts, the assignee was charged with six per cent interest; it appeared that he made no use of the funds in his business, and he always had on deposit to his credit an amount in excess of the balance of the funds in his hands. *Held*, that the charge was error; that the law neither authorized nor permitted the assignee to make any investment, but it was his duty to promptly convert the assets into money, keep the moneys securely and to distribute them at the time and in the manner required by law; and that while, it might be, if he perceived the moneys must lie idle for a long time because of the suit pending, and there were solvent institutions known to him in the place where he might have deposited them subject to withdrawal on demand, and with an allowance for interest, he could be charged with the interest which might have been thus earned, he could not be charged beyond that.

The assignee was also charged with the amount of costs collected by his attorney in suits brought against the assignee, in which he was successful. The attorney was allowed upon the accounting a gross sum for his services as counsel. *Held*, that such charge was error; that upon collection of the costs the lien of the attorney thereon was reduced to

possession, and his client, in the absence of a special agreement entitling him to receive them, could not claim payment thereof to himself; that the allowance as counsel fees did not include, but was intended to be in addition to the costs collected. .

(Argued December 8, 1893; decided December 19, 1893.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made March 6, 1893, which affirmed an order of Special Term charging the petitioner, as assignee of Zenas S. Crooker, with interest on moneys of the estate kept by him in his personal bank account, and with the costs collected by his attorney in an action brought by a creditor to set aside the assignment.

This was a proceeding by Frederick E. Barnes, as assignee of Zenas S. Crooker, to obtain a decree discharging him upon his final accounting.

The facts, so far as material, are stated in the opinion.

*Howard Y. Stillman* for appellant. The assignee should not be charged with interest on the money collected by him. (*Rapalje* v. *Hall*, 1 Sandf. Ch. 399 ; *Price* v. *Holman*, 135 N. Y. 124.) The assignee had no power to invest the trust fund. (*Baskin* v. *Baskin*, 1 Lans. 90.) The estate moneys were never subject to any contingency of his business or of his death, but were at all times subject to such disposition as the court should direct. (*Van Alen* v. *A. N. Bank*, 52 N. Y. 1 ; *H. S. N. Bank* v. *Peters*, 123 id. 272.) The assignee was not guilty of a breach of trust by reason of his not transferring the funds to a trust company on January 8, 1888, at the time of the commencement of the action to set aside the assignment. (*In re Dare*, 13 Daly, 220.) Even if the assignee had been negligent in failing to deposit the funds in a trust company he should not be charged with interest at the rate of six per cent. (*Wilmerding* v. *McKesson*, 103 N. Y. 329 ; *Harrington* v. *Libby*, 6 Daly, 259.) The assignee should not be charged with the $100 costs collected by his attorney in the case of *Conquest* v. *Barnes*. (*Conquest* v. *Barnes*, 121 N. Y. 694 ; *Meyer* v. *Hazard*, 1 N. Y. Supp. 680.)

*Winthrop Parker* for respondent. An assignee is a trustee. (*Brown* v. *Guthrie*, 110 N. Y. 441.) In this case the assignee was properly chargeable with interest. (*Brown* v. *Ricketts*, 4 Johns. Ch. 303; *Morgan* v. *Morgan*, 4 Dem. 353; *Matter of Kennedy*, 2 Connolly, 216; *Cruce* v. *Cruce*, 81 Mo. 685; *Duffy* v. *Duncan*, 32 Barb. 587; 35 N. Y. 186.) The order properly charges the assignee with $100 costs as in contemplation of law received by him, and, therefore, chargeable against him. (Code Civ. Pro. §§ 3228–3230, 3238; 2 Rumsey's Pr. 452; *Wheaton* v. *Newcomb*, 21 J. & S. 178.) The General Term committed no error in directing that the costs and disbursements of the appeal should be paid by the appellant assignee personally, and not as a charge against the assigned estate. (*McLean* v. *Freeman*, 70 N. Y. 81.)

MAYNARD, J. The appellant, an assignee for the benefit of creditors, has been charged by the court below with interest upon the trust funds in his hands at the rate of six per cent per annum. He deposited the moneys in a national bank where he kept an individual account, and they were credited to him in this account as deposited. The assignment was executed March 2, 1887, and on January 8th, 1888, an action was brought to set it aside, which was pending for upwards of three years. A reference to take and state his account was ordered, and the referee reported in favor of charging him with two per cent interest upon the balance in his hands from time to time from the commencement of the action to the date of the report. The referee held that, as it must have been apparent when this litigation began, the distribution of the fund would necessarily be delayed, it was the duty of the assignee to have deposited the money in a trust company where it could have earned at least two per cent interest and been withdrawn on demand; and his account was surcharged accordingly. The special term, upon the motion to confirm the referee's report, increased the interest charge to six per cent, the general term affirmed the order, and the assignee brings this appeal.

This is not a case where the trustee held a fund for investment. In such cases if he fails to invest in such securities or in such manner as the law authorizes or the terms of his trust require, when he has the opportunity to do so, or might by due diligence make a proper investment, he is responsible to the beneficiaries for the loss they may sustain by his neglect of duty. Here the law neither authorized nor permitted the assignee to make any investment of the moneys received by him in his trust capacity. It was his duty promptly to convert the assets of the insolvent's estate into money; to keep the funds securely, and at the time and in the manner required by law distribute them among the creditors and other persons entitled to them. The authorities, therefore, which hold that under certain circumstances a trustee may be liable for loss of interest because of an omission to invest, have no application. It may be that if he perceived that the fund must lie idle for a long period of time on account of the pendency of a suit which involved the validity of the trust, and he kept the money in bank, and there were solvent financial institutions known to him in the same city where it might be deposited subject to withdrawal on demand and interest be allowed, he should deposit it there, and if he failed to do it, he might be charged with the rate of interest which the fund might have earned. That question is not before us, for the appellant is satisfied with the account as stated by the referee. What he objects to is the difference between two and six per cent with which he has been charged by the court below, not upon the ground that by any lawful use which he could have made of it, the fund could have earned six per cent, but because he deposited it in a bank to his individual credit and not to his credit as assignee.

Except where there is a loss of interest by a failure to make an authorized investment we do not think a trustee can properly be made liable for interest not earned, and which could not have been earned by the exercise of diligence, unless there has been a misappropriation of the fund, or some misfeasance of the trust equivalent to it. If the trust moneys

have been misappropriated, the trustee becomes the debtor of the estate to the extent of the misappropriation, and the law prescribes the rate of interest upon every indebtedness, where it is not fixed by the agreement of the parties. (*Matter of Myers,* 131 N. Y. 409.) In the present case the assignee made no use of the trust funds in his business, or otherwise imperilled them. He always had on deposit to his credit at the bank, an amount in excess of the balance in his hands belonging to the estate; and we are asked to hold that the mere act of depositing the moneys in his individual name, without adding his title as assignee, was *per se* such a misappropriation of the funds as would subject him to a charge for the full legal rate of interest. It is difficult to see upon what principle of justice such a claim can be founded.

The fund was not subjected to any greater peril than if it had been deposited in his name as assignee. In either case it might have been drawn out at his pleasure, and for such purposes as he might designate. The bank would not be responsible for the proper use of the moneys by the trustee. Nor was it, correctly speaking, a commingling of trust moneys with his own. When deposited the identity of the money was lost and its ownership changed. Thereafter the relation of the bank to the depositor was that of debtor and creditor. The moneys were as secure against misappropriation as if they had been kept in his own safe or strong box. Wherever they were they were necessarily under his control and subject to his disposition. A dishonest trustee always has it in his power to misappropriate the trust funds. The appellant cannot be so classed for he preserved the fund in its integrity. Unquestionably it was his duty, if he deposited the funds in bank, to make the deposit in his name and to his credit as assignee of the insolvent debtor. A deposit of trust moneys should always be in the name and to the credit of the trustee and not in his individual account. The condition of the fund will then, at all times and in all contingencies, be more readily ascertainable and the temptation to use it for private purposes less. If the trustee omits this duty the risk is his own. But

if there is no loss to the fund the mere deposit to his individual credit will not subject him to a charge for interest, for this court has very recently held that where an investment of the fund is not permissible the trustee cannot be charged with interest which has not been earned unless there has been an actual misappropriation of the fund. (*Price* v. *Holman*, 135 N. Y. 124, 134; *Beard* v. *Beard*, 140 id: 260.)

Upon the facts appearing in this case there was no conversion of the fund by the trustee to his private use, and it is not just that he should be charged with any greater amount than the possible loss to the fund by his omission to deposit it where some rate of interest might have been allowed. (*Matter of Cornell*, 110 N. Y. 357.)

The appellant has also been charged, and, as we think, erroneously, with $100, the amount of costs collected by his attorney in suits brought against the assignee which were unsuccessful. These costs belong to the attorney and not to the estate. Wherever the legal title to costs may be as between attorney and client before collection, after they have been collected by the attorney his lien upon them has been reduced to possession and the client cannot insist upon their payment to him in the absence of a special agreement entitling him to receive them. The attorney was allowed for his services as counsel in the litigation to which the assignee was a party a gross sum by the referee and the court below; but it is very clear that this sum did not include, but was intended to be in addition to the costs collected. As the order stands the assignee will be compelled to pay the attorney the full amount allowed. He cannot deduct from it the costs collected by the attorney or require him to refund them. He is in effect required to pay $100 out of his private funds.

The orders of the general and special term must be reversed, with costs in all courts to the appellant, to be paid out of the estate, and the report of the referee confirmed and decree modified in accordance with this opinion.

All concur.

Ordered accordingly.