Felix St. Anna Govin et al., Respondents, *v.* Luciana Govin de Miranda, Individually, and as Executrix, etc., Appellant.

Upon the death of P., defendant's testator, there was found in his safe a sealed envelope indorsed, "A declaration in favor" of plaintiffs, whose names were given. In the envelope was a paper, signed and acknowledged by P., stating, among other things, that there was in said safe "a parcel containing $29,000 in bonds" of a certain railroad company named, of which $10,000 belonged to a person named and the balance to the plaintiffs. The paper closed with this statement: "No person shall have the right to oppose this declaration, because it is founded on conscience and justice. I reserve this money only for what I may consider proper." There was no parcel such as described, but in the same box were found thirty-eight $1,000 bonds of said company. In an action brought by plaintiffs to recover nineteen of said bonds, *held*, that it was to be inferred from the language of the paper, in the absence of any evidence explaining or contradicting it, that plaintiffs were the owners of the bonds claimed; that the declaration to that effect was not qualified by the closing clause, but it simply indicated that said bonds were in the possession of P. under some agency, or possibly a trust, he having authority to convert them and apply the proceeds consistently with the plaintiffs' ownership. The bonds bore interest at the rate of four per cent. Judgment was rendered for the value of the bonds, and interest at four per cent from the time of demand; this was modified by the General Term by an allowance of six per cent interest. *Held*, no error; that plaintiffs were entitled to lawful interest on the value of the bonds as damages for their unlawful detention.

(Argued December 13, 1893; decided December 22, 1893.)

Appeal, under section 1336 of the Code of Civil Procedure, from a judgment entered upon an order of the General Term of the Supreme Court in the first judicial department, made June 30, 1893, which overruled defendant's exceptions and modified judgment in favor of plaintiffs entered upon a verdict directed by the court, by increasing the interest allowed upon the damages from four to six per cent, and as modified affirmed the same.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward C. James* for appellant. The plaintiffs cannot maintain any claim to these bonds as a gift *inter vivos*, for there was never any delivery to them of the bonds, either actual or constructive, in the lifetime of the owner; he kept them himself to do with as he deemed proper. (*Beaver* v. *Beaver*, 117 N. Y. 421; 137 id. 59; *Wadd* v. *Hazleton*, Id. 215.) The plaintiffs, however, attempt to support this action at law, without any proof of a legal title to the bonds which they seek to replevy, by claiming as beneficiaries under an alleged declaration of trust. But this paper, relied upon as such declaration, will be found wholly insufficient for that purpose. (*Martin* v. *Funk*, 75 N. Y. 134; *Young* v. *Young*, 80 id. 423; *In re Crawford*, 113 id. 560; *Beaver* v. *Beaver*, 117 id. 421; 137 id. 59; *Wadd* v. *Hazleton*, Id. 215.) This action was not maintainable as an action to replevy the chattels. (*Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348; *Goodwin* v. *Wertheimer*, 99 id. 149; *Treat* v. *Hathorn*, 3 Hun, 646; *Rawley* v. *Brown*, 18 id. 456; *Cumiskey* v. *Lewis*, 15 N. Y. S. R. 364; *Tuttle* v. *Hazard*, 86 id. 628.)

*Abram Kling* for respondent. The defendant's claim that the declaration of trust executed by the decedent failed to show a valid transfer of the bonds to the plaintiffs was untenable. (*In re Smith*, 22 Atl. Rep. 916; *Martin* v. *Funk*, 75 N. Y. 134; *Day* v. *Roth*, 18 id. 448; *Berry* v. *Lambert*, 98 id. 300.) The words in the declaration, "that the testator reserves the right to do with the money as he deems proper," were to the effect that the testator reserved the authority to himself to invest the proceeds of said bonds, if sold, in such manner as he deemed proper and precluding any action in regard thereto on the part of the representatives of his estate. (*Van Cott* v. *Prentiss*, 104 N. Y. 25; *Barker* v. *Frye*, 75 Maine, 29.) It is the defendant's contention that if the trustee adds securities of the same kind to those which he holds in trust, it deprives the beneficiary of his title, because there has been a commingling of property by the trustee of his own with those which he has held in trust. Such a view is clearly unsound. (*Hurley* v. *Gieven*, 9 Abb. [N. C.] 8.)

EARL, J. This action was brought to recover the possession of nineteen bonds of the par value of $1,000 each of the Chicago, Burlington & Quincy Railroad Company, Iowa division. The facts are undisputed and are as follows: After the death of the testator there was found in a box in a safe at his office a sealed envelope with the following indorsement thereon in Spanish: "A declaration in favor of Emilia, Felix, Guillermina Govin and Luz Diaz y Sanchez, who lived in 147 E. 39th street;" and in the envelope was the following paper written in Spanish which is translated by the defendant as follows:

"There are in the possession of Ramon Estevez sixty thousand dollars in bonds of the United States of North America, which I hereby declare belong to the three brothers germain Emilia, Felix and Guillermina Govin, residents of this city, in the house No. 147 East Thirty-ninth street."

"There is besides in my safe a parcel containing $29,000 in bonds of the Iowa division railroad, and out of them $10,000 belong to Luz Diaz y Sanchez, mother of the aforesaid persons, for covering a memorandum or note for the same sum subscribed by me, and the balance belongs to the aforesaid Emilia, Felix and Guillermina, share and share alike.

"No person shall have the right to oppose this declaration, because it is founded on conscience and justice. I reserve this money only for what I may consider proper.

"New York, December eighth, one thousand eight hundred and eighty-three.

         " (Signed)     FELIX GOVIN Y PINTO."

"Acknowledged before me
    this the 15th day of De-
    cember, 1883.

              " JAS. W. HALE,
                 "*Notary Public,*
                     "4 Hanover Square."

In the same box were found thirty-eight four per cent bonds of the Chicago, Burlington and Quincy Railroad Co., Iowa division, of $1,000 each, and these plaintiffs being the persons named in the paper, claimed nineteen of these bonds.

It does not appear in this action what relationship, if any, the plaintiffs bore to the testator, and no proof was given upon the trial that at the time of the execution of the paper, or at any time prior thereto, the testator owned the bonds mentioned therein. The case depends entirely upon the force and effect to be given to that paper as evidence, and, we think, it shows that nineteen of these bonds belonged to the plaintiffs. They were found in his safe, and there is the unqualified declaration that they belonged to them. We must infer from that language that they came to the ownership of the plaintiffs in some legal way — by purchase or gift from some one; and if there was nothing else in the paper qualifying the declaration no one would dispute that it furnished absolute evidence of their ownership of the bonds.

But the claim is made on the part of the defendant that the last clause in the declaration qualifies and weakens the force of the prior declaration that the bonds belonged to the plaintiffs. That is as follows: " No person shall have the right to oppose this declaration, because it is founded on conscience and justice. I reserve this money only for what I may consider proper." The whole paper must be construed together and all its provisions harmonized, if possible. There is the unqualified declaration that they belonged to the plaintiffs, and that their claim to them was founded upon conscience and justice. Now, what did he mean by saying, " I reserve this money only for what I may consider proper?" Does that imply that his previous declaration was untrue? The bonds were in his possession, as one must infer, under some agency or possibly upon some trust, under which he had authority to convert them and apply the proceeds consistently with the ownership of the bonds by the plaintiffs. It cannot be supposed that after declaring that the bonds belonged to the plaintiffs as matter of conscience and justice he reserved the right to dispose of them for his own benefit as he pleased. The reservation must be made consistent with the prior declaration of ownership, if possible; and that it can be is quite apparent. Whatever power or agency he reserved to him-

self in the bonds, to be exercised for the benefit of the plaintiffs, was revoked by his death, the reserved power never having been exercised. We think, therefore, that the paper furnishes, in the absence of any evidence explaining or contradicting it, satisfactory proof of the ownership of the bonds mentioned therein by the plaintiffs.

In the safe of the deceased were found thirty-eight of these bonds, and, therefore, the contention is made on behalf of the defendant, that there was no parcel of the twenty-nine bonds mentioned in the paper. But the paper remained in the safe in the envelope with the declaration written thereon, and it and the declaration on the envelope continued to speak to the time of the testator's death. If the twenty-nine bonds had been removed, we may assume that the paper would have been destroyed or changed. It must be assumed that the paper was left there to speak and tell the truth at any and all times when it became important; and as there were bonds enough there to answer the description of those mentioned in the paper, the plaintiffs had the right to claim the number of bonds mentioned as belonging to them.

The further point is made on behalf of the defendant, that as these bonds came into the possession of the defendant after letters testamentary were issued to her on the will of the testator, she could be made liable in this action only after a demand, and that there was no proof of a demand. In this we think the learned counsel for the defendant is in error. It is stated in the record that at the commencement of the trial the counsel for the plaintiffs opened the case and "read in evidence a demand as follows:" And then follows a written demand for these bonds signed by the attorneys for the plaintiffs, addressed to the defendant, and that was received in evidence without any objection; and thereafter it was assumed in the progress of the trial that the paper was served upon the defendant at the time of its date, January 3, 1892, and no objection whatever was made to the plaintiffs' recovery upon the ground that no demand had been proven. At the close of the trial the trial judge stated to the plaintiffs' counsel,

"You are entitled to the possession of the property, and there is no wrong until after a demand has been made. You may take a judgment for the value of the bonds and interest from the time you made the demand." No objection was then made on the part of the defendant that no demand had been made. Hence the claim that no demand was made is not available upon this appeal.

These bonds bore four per cent interest, and the trial judge held that the plaintiffs were entitled to recover only four per cent interest from the time of the demand. To this ruling plaintiffs' counsel excepted, and the ruling was modified by the General Term and interest at the rate of six per cent was allowed. It is now further claimed on the part of the defendant that the General Term erred in this allowance of interest. We are of the opinion that the decision of the General Term was right. The plaintiffs, not being able to obtain possession of the bonds, were awarded their value, and upon that value they were entitled to the lawful rate of interest as damages for their unlawful detention. It would be a hard measure of justice for the plaintiffs, first to award them the value of their bonds at a reduced sum because they bore but four per cent interest, and then to allow them but four per cent interest upon this reduced valuation. The plaintiffs are in the same position as if they had brought an action of trover to recover the value of the bonds, and they should be allowed such interest as they would have been allowed in such an action.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.