Felix St. Anna Govin, Respondent, *v.* Luciana Govin De Miranda, as Executrix, etc., of Felix Govin y Pinto, Appellant.

*Delivery — essential to the execution of an instrument of trust.*

A delivery is equally as necessary to the due execution of an instrument as its signing and acknowledgment, and the signing and acknowledging of an instrument without delivery does not complete its execution.

The mere signing and acknowledging of a declaration of trust, without placing the evidence thereof in the custody of another, is insufficient to create a trust, in the absence of proof of the completion of the transaction, and the parting with the title to the property, in such declaration mentioned.

Appeal by the defendant, Luciana Govin De Miranda, as executrix, etc., of Felix Govin y Pinto, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of October, 1893, upon the verdict of a jury for $17,000, by direction of the court, after a trial at the New York Circuit, and also from an order made at the New York Circuit on the 24th day of October, 1893, and entered in said clerk's office, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*E. C. James,* for the appellant.

*A. Kling,* for the respondent.

Van Brunt, P. J.:

The complaint in this action alleged the death of one Felix Govin y Pinto in May, 1891, leaving a last will and testament, which was duly admitted to probate in the office of the surrogate of the county of New York and letters testamentary issued to the defendant; that the plaintiff was the owner and entitled to the immediate possession of a certificate for $10,000 issued by the United States government, with interest thereon payable at the rate of four and a half per cent per annum; and that prior to the 8th of November, 1881, said certificate so belonging to the plaintiff was delivered to the deceased in trust to and for the benefit of the plaintiff, and that the deceased and his legal representatives from time to time collected the interest which accrued thereon; that the deceased and the defendant in this

action have refused to deliver to the plaintiff said certificate of $10,000 and the interest which accrued thereon, although duly demanded, and judgment is claimed for $10,000, with interest thereon.

The defendant, answering the complaint, denies such ownership of the plaintiff in the certificate mentioned in the complaint, and the delivery thereof to the deceased; and upon information and belief denies that the deceased neglected or refused to deliver the certificate or the proceeds thereof, but admits that she refused to deliver to the plaintiff the certificate, and alleges that there was no such certificate in the possession of the deceased at the time of his death.

Various other allegations are made in the answer by way of defense, which it is not necessary to repeat here.

These issues coming on for trial a verdict was directed for the plaintiff, and from the judgment thereupon entered this appeal is taken. The plaintiff, at the trial, to maintain the issues upon his part, introduced the following instrument, which was signed by the deceased and acknowledged by him before a notary public. The defendant's counsel objected to the introduction of the paper upon the ground that there was nothing to show that it had ever been delivered by the deceased. This objection was overruled and the paper was read in evidence as follows:

"STATE AND CITY OF NEW YORK, *May 25th,* 1881.

"For the sum of $1 to me in hand paid, the receipt of which is hereby acknowledged, and for certain other valuable considerations, I do hereby transfer, set over and deliver to the young man known as Felix Govin Diaz, a native of Matanzez, island of Cuba, now living at No. 147 East Thirty-ninth street, in the city of New York, two certificates for $10,000 each ($20,000) of the United States four and a half per cent loans, under the act of Congress entitled 'An act to authorize the refunding of the national debt,' approved July 14, 1870, issued one Jan. 18, 1878, letter A, 13,235, and the other one issued May 17, 1877, letter A, 10,642. Said certificates will be retained in my custody for the present as trustee for the said Felix Govin Diaz.

"FELIX GOVIN Y PINTO.   [L. S.]

"Instead of two certificates, only one of ten thousand dollars."

The plaintiff then offered and read in evidence the original will and codicil of the deceased, which was duly executed.

It appeared that after the death of said Pinto, and on the day of his funeral, his safe was opened and it was found to contain among other things an envelope in which were $50,000 of United States bonds and the paper above mentioned, and upon the envelope was written in the handwriting of the decedent the following :

" This envelope contains eight certificates of United States four and a half per cent loan all of sixty thousand dollars ($50,000), which belong to Felix Govin Diaz, ten thousand ; Emilia Govin and Guillermina Govin, $20,000 each. I will preserve the interest at present to help at their subsistence.

"FELIX GOVIN Y DIAZ.

" New York, *May 25th,* 1881.

" Felix ten, Emilia twenty, Guillermina twenty."

There was also found another envelope containing a paper which read as follows :

" In possession of Ramon M. Estevez there are sixty thousand dollars in U. S. bonds, which I declare belong to the three children, brother and sisters, Emilia, Felix and Guillermina Govin, residents of this city, living at 147 E. 39th St. Besides in my box there is a legacy which contains $29,000 R. R. Bonds, Iowa Division ; of these ten thousand belongs to Luz Diaz y Sanchez, mother of the above-mentioned individuals ; she has a note for the same signed by me, and the rest belongs to the above-mentioned Emilia, Felix and Guillermina in equal parts.

" No one may go contrary or against this declaration, as it is based under conscience and justice ; to me alone is reserved the right to do with this money as I deem proper.

"FELIX GOVIN Y PINTO.

" New York, *Dec. 8th,* 1883.

" Acknowledged before me this 15th }
        day of December, 1883.          }

                " Jas. W. Hale,
                        " *Notario Publico,* 4 Hanover St."

This envelope was indorsed as follows :

" A declaration in favor of Emilia, Felix, Guillermina Govin and Luz Diaz y Sanchez, who lived in 147 E. 39th St."

These two envelopes with their contents were, on the day after they were so found in the decedent's safe, sent to the mother of the plaintiff. The only portion of the will of the testator which is claimed to be applicable to the questions in dispute in this action is the fifth clause, which is as follows:

"*Fifth.* There are in my possession under cover sixty thousand dollars belonging to Emilia, Felix & Guillermina, residents to-day of New York, twenty thousand dollars to each one, in four and a half per cent bonds of the United States of America, which will be delivered to them as they reach twenty-one years, and in the meanwhile they will receive the interest. The surname of the three persons indicated in this article is Govin."

It further appeared that the deceased during the years 1877 and 1878 purchased and paid for by his own checks, amongst others, the two bonds referred to in the instrument of the 25th of May, 1881, herein set forth; and that the bond which forms the subject-matter of this suit, one of the two therein mentioned, was sold by the deceased on the 5th day of September, 1890, and that the deceased from the time he acquired the same until its sale, collected the interest thereon.

It was claimed upon the part of the plaintiff that the evidence showed title in him to the bonds which had been sold by the deceased. It was objected upon the part of the defendant that no such title was shown in that the property was by the evidence proved to belong to the deceased and that the alleged transfer was of no avail, because it had not been delivered, and, therefore, was never executed.

The learned court, probably relying upon the case of *Govin* v. *De Miranda* (140 N. Y. 474), which held that the parties interested in the securities referred to in the paper above mentioned, acknowledged December 15, 1883, had a right to recover the same, directed judgment in favor of the plaintiff. In this, we think, the learned court erred. There is a marked distinction between the facts of the case at bar and those in the case cited.

It is claimed upon the part of the plaintiff, and his right to recover must necessarily rest upon that claim, that the security which is sought to be recovered in this action was transferred by the

deceased to the plaintiff by the instrument of the 25th of May, 1881. The validity of this contention must depend upon the fact as to whether an execution of such instrument has been established. It is a common error to suppose that execution means the signing and acknowledging of an instrument. But there is another requisite which is equally necessary to its due execution, namely, its delivery. Hence the significance of the witness clause which in former times prevailed where the execution of instruments was witnessed. Such clause was "signed, sealed and delivered," this, in the case of a sealed instrument, being necessary to complete execution.

Applying this rule to the facts of the case at bar, the signing and acknowledgment of the instrument in question without delivery did not complete its execution. It would be a dangerous rule to adopt that simply because a man signed an instrument and acknowledged it, and kept it in his possession and then died, that the party who would have been entitled to claim under said instrument, had it been delivered to him, could, notwithstanding this failure to deliver, claim thereunder after the decease of the party signing it. For instance, a deed is signed and acknowledged in anticipation of the closing of a contract for the sale of real estate, and the grantor dies. Under such a rule the grantee in the deed would be entitled to recover the property described in the deed, although he would have paid nothing for it, because there would be a grant and an acknowledgment of the consideration, and nobody could prove that such consideration had not been paid.

So in the case at bar the instrument in question states: " I do hereby transfer, set over and deliver;" and it being established that the title to the security was in the deceased at this time, it required some transfer in order to clothe the plaintiff with title. Such transfer never having been completed by delivery, it is clear that the deceased never parted with his title. The case which has been cited is clearly distinguishable from the one at bar. In the instrument which was the foundation of the right to recover in that case, there was an acknowledgment by the deceased that he held in his possession property which belonged to the plaintiff in that action. There was no evidence that by the instrument he attempted to transfer any title, but it was a mere acknowledgment that he was

the custodian of the property, and there was no evidence to contradict this declaration. This was the ground upon which this court affirmed the judgment in question, and it was upon this ground distinctly that the Court of Appeals held that the plaintiffs had a right to recover in that action.

But it is urged that by this paper the deceased created himself a trustee of these securities for the plaintiff, and that such trust was irrevocable, referring to the case of *Martin* v. *Funk* (75 N. Y. 134). But the facts of that case are entirely different from those in the one at bar. In no case has it ever been held as yet that a party may, by transferring his property from one pocket to another, make himself a trustee. In every case where a trust has been established the party creating it has placed the evidence thereof in the custody of another, and has thereby shown that it was intended to be a completed act. In the case at bar the deceased kept all the evidence of transfer within himself, which is more consistent with the idea of an uncompleted purpose than of one which has been carried into final effect. And the fact that the deceased treated this property as his own by the sale of it, necessarily strengthens the conclusion that he considered the transaction incomplete and unfinished, and that he had not parted with the title to the property which he still considered his own. There having been, therefore, no proof of the execution of this alleged transfer, it seems to us that the court was wrong in the conclusion at which it arrived, and that the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.