(9 Misc. Rep. 684.)

GOVIN et al. v. DE MIRANDA (three cases).

(Superior Court of New York City, General Term. October 1, 1894.)

1. TRUSTS—UNDELIVERED DECLARATION OF TRUST.
    One who signs and acknowledges a paper declaring that he holds for another's benefit certain property theretofore owned by himself, but retains the custody of the paper, does not thereby create himself a trustee for the person named. 27 N. Y. Supp. 1049, followed.

2. JUDGMENT—RES JUDICATA.
    A judgment for plaintiff, in an action to recover possession of bonds, is not a bar to a subsequent action by plaintiff to recover interest on such bonds collected by defendant, since the claim for interest was not necessarily a part of the action for the bonds.

Appeal from jury term.

Separate actions: (1) By Guillermina Govin against Luciana Govin De Miranda, as executrix; (2) by Felix St. Anna Govin against the same defendant; and (3) by Emilia Govin against the same defendant. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, in each case, defendant appeals. Reversed in actions 1 and 2. Affirmed in action 3.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Stearns & Curtis (Edward C. James and Cephas Brainerd, of counsel), for appellant.

Abram Kling, for respondents.

FREEDMAN, J. In each of these cases the direction of the verdict proceeded upon the theory that the decision of the court of appeals in Govin v. De Miranda, 140 N. Y. 474, 35 N. E. 626, admitted of no other disposition; but under the decision rendered in March, 1894, by the general term of the supreme court in Govin v. De Miranda, reported in 27 N. Y. Supp. 1049, which, after full re-examination on plaintiff's appeal, was reaffirmed by that court in June, 1894 (29 N. Y. Supp. 345), and for the reason there stated, each of the cases now before us, by reason of the appearance of additional facts, is clearly to be distinguished from the case decided by the court of appeals. The result is that, upon the facts as they now appear, the judgment in favor of the plaintiff in the first and in the second of the above-entitled cases cannot be sustained. No estoppel appears in either of the two cases referred to which prevents the defendant from availing herself of the actual facts.

The third case, in which Emilia Govin is the plaintiff, presents, however, a new feature. In a former suit between the same parties, and involving the title to the identical certificates, it was determined by the supreme court that the plaintiff was the owner thereof; that the defendant, as executrix, etc., held the same as

trustee for the plaintiff; and that the defendant, as such executrix, was bound to indorse the certificates for plaintiff's benefit, and to acknowledge the said indorsement, all of which was subsequently done. This judgment, which determined plaintiff's title and ownership, is conclusive upon the defendant in the present action, and the question as to plaintiff's title and ownership cannot be retried. The present action is for interest accrued upon the United States bonds represented by these certificates, which interest was collected by defendant's testator in his lifetime. The interest payable by the terms of the contract is but an incident thereof, and presumptively belongs to whoever owns the contract when the interest falls due. This presumption may be overthrown by showing that the owner assigned the interest due or to become due, and, in case it is payable upon the presentation of coupons, that they were detached and transferred by the owner. This is an affirmative defense. No such defense was made in this case; nor is there any evidence establishing an intention on the part of the plaintiff to relinquish the interest. Plaintiff's present claim for interest was not necessarily a part of the action by which her title and ownership were determined by the supreme court. Until she recovered the certificates, with a proper indorsement thereon, she was not in a position to litigate the question of interest collected thereon by other parties. As regards the question of a former conclusive adjudication as to title and ownership, and the consequent right of the plaintiff to recover interest, the case of Emilia Govin falls directly within the decision of the supreme court of the case of Govin v. De Miranda, which involved a claim for interest upon 19 railroad bonds. The decision last referred to also disposes of defendant's contention as to the statute of limitations.

For the foregoing considerations, the judgment and orders in the first two cases should be severally reversed, and in each case a new trial ordered, with costs to the appellant to abide the event. In the third case the judgment and order should be affirmed, with costs.