WILLIAM L. ANDREWS, Appellant, *v.* RICHARD W. G. WELLING, as Assignee, etc., of FRANCIS H. WEEKS, Respondent, and MARY ELIZABETH S. E. GODDARD WILLIAMS, Defendant.

*Bonds delivered to a broker to sell — right thereto of the assignee for creditors of the broker.*

Where certain specified bonds were bought and paid for, and were in the possession of the purchaser until delivered with certain other bonds to a broker for sale, if the broker does not sell them the assignee for the benefit of creditors of the broker cannot successfully assert title thereto.

APPEAL by the plaintiff, William L. Andrews, from a judgment of the Supreme Court in favor of the defendant Richard W. G. Welling, as assignee, etc., of Francis H. Weeks, entered in the office of the clerk of the county of New York on the 23d day of July, 1894, upon the report of a referee, dismissing the plaintiff's complaint and the answer of the defendant Mary Elizabeth S. E. Goddard Williams, upon the merits.

*Alfred J. Taylor*, for the appellant.

*John L. Wilkie* and *Everett V. Abbot*, for the respondent.

O'BRIEN, J.:

This action was brought to recover possession of two bonds of $1,000 each of the Land and River Improvement Company. Among other property which came into the possession of the defendant as assignee were the two bonds in question, against which a claim was asserted by the plaintiff and the defendant Williams. Upon the reference the latter presented no proof to sustain her claim; and, not having appealed, she may be regarded as no longer a claimant.

As to plaintiff's claim, it appears that he purchased these bonds, which were numbered respectively 1048 and 824, of Weeks & Co., brokers, the former bond being paid for and delivered to plaintiff February 13, 1891, and the latter on March 18, 1892. In addition to these, the plaintiff, from time to time, had purchased other bonds of Weeks & Co., and about April 7, 1893, he delivered ten bonds so purchased, including the two in dispute, to Francis H. Weeks, an attorney, for sale. Eight were sold and the proceeds accounted for by Weeks to plaintiff, and the remaining two of the ten left for sale were put in an envelope and marked in the hand-writing of Weeks, as follows: "$2,000 Land and River Improvement Company bonds, property W. L. Andrews, 16 East 38th street." Francis H. Weeks made a general assignment on the 29th day of April, 1893, for the benefit of his creditors, and the property and securities belonging to Weeks, and the property and securities that he held in trust or as agent, were in separate packages. The assignee testified: "When Mr. Weeks delivered the assignment to me he handed to me two packages of papers, one of which he said, as near as he could tell, contained his own personal property, assets, and the other of which, * * * as far as he knew, contained trust property, that is, property he held in trust. Mr. Weeks assumed to assign to me the property represented by the papers in the first package. These bonds, which are the subject of this litigation, were in the second package." And in this second package of trust property was contained the envelope marked in the manner already stated in the handwriting of Weeks.

Upon the record we find the following admission: "It is admitted

by all parties that the two bonds in suit were delivered by the firm of Weeks & Co., brokers, at 18 Wall street, to William L. Andrews, plaintiff herein, on February 13, 1891, No. 1048, and on March 18, 1892, bond No. 824."

It is not claimed that the plaintiff was indebted to Weeks, nor is there any contradiction of the testimony that the bonds were delivered by plaintiff to Weeks, as his agent, to sell. The referee, because in one or two instances it was shown that Weeks had incorrectly designated the owners of some of the securities which he turned over to the assignee, concluded that he was not bound to determine the question in plaintiff's favor, and upon the ground that there was not sufficient identification of the bonds as plaintiff's he dismissed the complaint. In this, we think, the referee was clearly in error.

Apart from the admission on the record of the original purchase of these specific bonds by plaintiff, we have the testimony of the plaintiff and of the defendant assignee, which is entirely uncontradicted and clearly sufficient to identify the bonds as the property of the plaintiff; and, in addition, we have the indorsement in the handwriting of Weeks, found on the envelope containing the bonds, which states that they are the property of the plaintiff. Upon such evidence there is not even room for discussion, as under the authority of *Govin* v. *de Miranda* (140 N. Y. 474) the plaintiff was entitled to judgment. Though in some respects like that case the one at bar is stronger in favor of plaintiff. In the case cited, after the death of the testator, there were found in a box in a safe at his office, a sealed envelope with the following indorsement thereon in Spanish: "A declaration in favor of Emilia, Felix, Guellermina Govin and Luz Diaz y Sanchez who lived in 147 East 39th street." In the envelope was a paper which contained the following, among other declarations: "There is besides in my safe a parcel containing $29,000 in bonds of the Iowa Division Railroad, and out of them $10,000 belong to Luz Diaz y Sanchez, mother of the aforesaid persons, for covering a memorandum or note for the same sum subscribed by me, and the balance belongs to the aforesaid Emilia, Felix and Guellermina, share and share alike." Of the thirty-eight bonds contained in the box the plaintiffs claimed nineteen; and it was held that in the absence of any evidence explaining or contra-

dicting the indorsement on the envelope, it furnished complete proof of ownership, the judge, in the course of the opinion, saying: " The case depends entirely upon the force and effect to be given to that paper as evidence; and, we think, it shows that nineteen of these bonds belonged to the plaintiffs. They were found in the safe, and there is the unqualified declaration that they belonged to them. We must infer from that language that they came to the ownership of the plaintiffs in some legal way by purchase or gift from some one; and if there was nothing else in the paper qualifying the declaration, no one would dispute that it furnished absolute evidence of their ownership of the bonds."

In the case at bar we are not left in doubt as to the manner in which plaintiff acquired the ownership of the bonds, nor as to how they came to be in the possession of Francis H. Weeks at the date of his assignment, it clearly appearing that these specific bonds were bought and paid for by the plaintiff, and were in his possession until delivered to Weeks for sale with eight other bonds, and he not having sold them, they remained the property of the plaintiff; and, as against the assignee, who succeeds to no other or greater rights than his assignor, the plaintiff should have been awarded the title and possession.

The judgment, accordingly, should be reversed, and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.