GALLAGHER v. BREWSTER'S ESTATE.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

1. CLAIMS AGAINST DECEDENTS—EVIDENCE—MEMORANDA.
A memorandum, found among the decedent's papers, acknowledging a liability to a person named therein, and requesting his executors to pay it, though not valid as an obligation, is competent evidence as an admission of liability.

2. SAME—SUFFICIENCY OF MEMORANDUM.
The executors of a decedent found, among his papers, a memorandum stating, "You will pay G. $500. I owe him that. He is my old friend, and may be too modest to put in a claim." Decedent and G. had been intimate friends for several years. They lived at the same hotel. When deceased was ill, G. showed him a great deal of attention, and attended to business matters for him. G. was a business man of means, and made no claim for the services until after discovery of the memorandum. *Held,* that it did not appear that the services were rendered by G. under any promise, express or implied, or any expectation that they should be paid for. Therefore, his claim against the estate was properly disallowed.

Appeal from judgment on report of referee.

Claim by Phillip E. Gallagher against the estate of Nathan Brewster, deceased. From a judgment entered on the report of a referee to whom the matter was referred, under the statute, dismissing the claim on the merits, with costs, claimant appeals. Affirmed.

The reference was of a disputed claim against an estate. The claim was for $500 for services rendered the deceased by the plaintiff since June, 1888. The evidence was undisputed, and showed: That deceased died in 1893, leaving a will which appointed William D. Ogden and Lizzie Walton executors. That, after the death of the deceased, the executors opened his private box in the safe-deposit company, and found therein the will, and, among other papers, a memorandum, in the writing of and signed by deceased, dated June 15, 1891, and directed to his executors, stating that he had made a will and had named them as executors therein; and, among other things, stated: "You will pay Phillip E. Gallagher [the plaintiff] $500. I owe him that. He is my old friend, and may be too modest to put in a claim." That the plaintiff was well acquainted with deceased for about 15 years. That their acquaintance ripened into a close friendship, and they became very intimate 10 years before the death. That they resided at the same hotel. That deceased had a number of spells of illness during the last 5 years of his life, and that plaintiff was with him on most of the occasions during such illnesses. That their relations were of a confidential nature. That they were coexecutors of the will of a friend. That plaintiff saw deceased, during his last illness, every day and night, and was present when he died, at the Metropole Hotel, in this city. That deceased always called

for plaintiff when he was sick, and he was the first man deceased called for. That plaintiff showed the deceased a great deal of attention, and they always had a great deal of private business together. That plaintiff attended to business matters for deceased during the times he was ill. That the attention given by plaintiff to deceased extended during the 5 or 6 years prior to his death, and he was not ill much before that. That when he was taken ill, he would quite often have the vertigo, and would drop down in the street. That the plaintiff took the deceased to Lakewood two or three times, when he became convalescent, several years before his death. That plaintiff was a business man, a man of means, and independent in his manner of living.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

D. M. Kellogg, for appellant.
Wm. H. Sage, for respondent.

WILLIAMS, J. We are of the opinion the judgment should be affirmed. While the memorandum found among the deceased's papers was not valid as an obligation, it was competent, as evidence in the case, as an admission. Robinson v. Cushman, 2 Denio, 149–153; Govin v. De Miranda, 140 N. Y. 474, 35 N. E. 626. These cases are both authorities for the proposition that a memorandum found among a deceased's papers is a competent piece of evidence as an admission against his estate. The effect to be given to such a piece of evidence may well vary in different cases. In 2 Denio, above, a memorandum was held to be of little or no value. In 140 N. Y., 35 N. E., above, a memorandum was held to establish plaintiff's ownership of bonds of great value. In this case, considering this piece of evidence in connection with the other proofs in the case, we are not satisfied that the plaintiff's claim should be allowed. The claim for services was evidently made up after the discovery of a memorandum among the papers of the deceased. The relation of the parties and nature of the services rendered, and the circumstances surrounding the parties and the services, do not furnish sufficient ground for the belief that the services were rendered under any promise, express or implied, or any expectation, that they should be paid for. The evidence rather leads us to the conclusion that the memorandum was designed to effect a gift or gratuity to a friend, out of his estate, which he did not see fit to provide for by his will. For this no recovery can be had. The decision of the referee was right.

The judgment should be affirmed, with costs. All concur.