In the Matter of the Claim of PHILIP E. GALLAGHER v. The Estate of NATHAN BREWSTER, Deceased.

PHILIP E. GALLAGHER, Appellant; WILLIAM B. OGDEN and LIZZIE WALTON, as Executors, etc., of NATHAN BREWSTER, Deceased, Respondents.

*Decedent's estate — effect of a memorandum acknowledging an indebtedness found among his papers — if intended to create a gift it cannot be enforced.*

A memorandum addressed by a testator to his executors in the following form: "You will pay Philip E. Gallagher $500. I owe him that. He is my old friend and may be too modest to put in a claim," found among the papers of the deceased, is not valid as an obligation but is competent as an admission, where the person named in the memorandum subsequently presents a claim against the estate of the testator.

Where the evidence, upon the trial of an action brought to recover such a claim, tends to show that the claim was first thought of after the memorandum was discovered and that the memorandum was not intended as a payment for services rendered but rather as a gift to a friend, the claim should not be allowed against the estate of the deceased.

APPEAL by the claimant, Philip E. Gallagher, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of June, 1895, upon the

report of a referee dismissing his claim; also from an order entered in said clerk's office on the 24th day of June, 1895, denying the claimant's motion to set aside the judgment.

The reference was of a disputed claim against an estate. The claim was for $500 for services rendered the deceased by the plaintiff since June, 1888. The evidence was undisputed and showed that deceased died in 1893 leaving a will which appointed William B. Ogden and Lizzie Walton executors; that after the death of the deceased the executors opened his private box in the safe deposit company and found therein the will, and, among other papers, a memorandum in the writing of, and signed by, deceased, dated June 15, 1891, and directed to his executors, stating that he had made a will and had named them as executors therein, and, among other things, stating: "You will pay Philip E. Gallagher (the plaintiff) $500. I owe him that. He is my old friend, and may be too modest to put in a claim;" that the plaintiff was well acquainted with deceased for about fifteen years; that their acquaintance ripened into a close friendship, and they became very intimate ten years before the death; that they resided at the same hotel, and that deceased had a number of spells of illness during the last five years of his life, and that plaintiff was with him on most of the occasions during such illnesses; that their relations were of a confidential nature; that they were co-executors of the will of a friend; that plaintiff saw deceased during his last illness every day and night and was present when he died at the Metropolitan Hotel in this city; that deceased always called for plaintiff when he was sick, and he was the first man deceased called for; that plaintiff showed the deceased a great deal of attention, and they always had a great deal of private business together; that plaintiff attended to business matters for deceased during the times he was ill; that the attention given by plaintiff to deceased extended during the five or six years prior to his death, and he was not ill much before that; that when he was taken ill he would quite often have the vertigo and would drop down in the street; that the plaintiff took the deceased to Lakewood two or three times when he became convalescent several years before his death, and that plaintiff was a business man, a man of means and independent in his manner of living.

*D. M. Kellogg & F. H. Kellogg*, for the appellant.

*Wm. H. Sage*, for the respondents.

WILLIAMS, J.:

We are of the opinion the judgment should be affirmed. While the memorandum found among the deceased's papers was not valid as an obligation, it was competent as evidence in the case as an admission. (*Robinson* v. *Cushman*, 2 Den. 149–153; *Govin* v. *de Miranda*, 140 N. Y. 474.) These cases are both authorities for the proposition that a memorandum found among a deceased's papers is a competent piece of evidence as an admission against his estate. The effect to be given to such a piece of evidence may well vary in different cases. In *Robinson* v. *Cushman* (*supra*) a memorandum was held to be of little or no value. In *Govin* v. *de Miranda* (*supra*) a memorandum was held to establish plaintiff's ownership to bonds of great value. In this case, considering this piece of evidence in connection with the other proofs in the case, we are not satisfied that the plaintiff's claim should be allowed. The claim for services was evidently made up after the discovery of a memorandum among the papers of the deceased. The relation of the parties and nature of the service rendered, and the circumstances surrounding the parties and the services do not furnish sufficient ground for the belief that the services were rendered under any promise express or implied or any expectation that they should be paid for. The evidence rather leads us to the conclusion that the memorandum was designed to effect a gift or gratuity to a friend out of his estate which he did not see fit to provide for by his will. For this no recovery can be had. The decision of the referee was right.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.