## In re WALCUTT.

(District Court, S. D. New York. July 24, 1926.)

Bankruptcy ⊕⇒303(3)—Evidence held to establish respondent's ownership of stock, and that such stock was held by bankrupt under parol trust.

Evidence tending to show that bankrupt, before insolvency, transferred shares of stock to respondent by indorsement in blank and placing in envelope bearing respondent's name, which contained other papers belonging to her, that he later included her name as transferee in certificate, and made physical delivery thereof to her, and acknowledged in the presence of a third person that he held the certificate for her, *held* sufficient to establish a parol trust, and respondent's ownership of stock.

In Bankruptcy. In the matter of the bankruptcy of Cleveland Walcutt. On motion to confirm the report of a special commissioner, determining issue of ownership of certain shares of stock in favor of Grace Walcutt. Report affirmed.

Kobbé, Thatcher, Frederick & Hoar, of New York City (Karl T. Frederick and George S. Franklin, both of New York City, of counsel), for Grace Walcutt.

Keating & Drucker, of New York City (S.

Walter Pokart, of New York City, of counsel), for receiver.

HAZEL, District Judge. This is a motion to confirm the report of a special commissioner to whom was referred the issue, for determination, of the ownership of 30 shares of stock in Walcutt Bros. Company, viz. whether Cleveland Walcutt, the bankrupt, or Grace Walcutt, the respondent, is the owner thereof. It is contended by the latter that, previous to November, 1924, the bankrupt, who was then solvent, voluntarily created, by parol, a trust conveying the beneficiary interest and title in the stock to her.

The bankrupt was adjudicated on January 27, 1926, and a receiver of his assets appointed, who challenged her asserted title and ownership on the ground that no valid trust eventuated, and that the transfer was in fraud of creditors. Respondent submitted herself to the jurisdiction of the bankruptcy court, and on the controverted issues the special commissioner determined that a trust was created by parol, and the transfer of the 30 shares of stock by the bankrupt to respondent vested in her the title and ownership, and that, accordingly, the receiver had no interest therein, and the injunction of an action pending in the state court to compel transfer of the stock to respondent on the books of the company should be vacated.

The commissioner relied on Govin v. De Miranda, 140 N. Y. 474, 35 N. E. 626, and In re Funk, 75 N. Y. 134, 31 Am. Rep. 446, to sustain his decision. Confirmation is opposed by the receiver, who urges error chiefly on the ground that the special commissioner misapplied the adjudications upon which his decision was based.

I have read and considered the salient portions of the testimony, and I am of opinion that it was sufficient to warrant the conclusions reached. In the case stressed by the receiver, Govin v. De Miranda (a second action by Govin against De Miranda) 76 Hun, 414, 27 N. Y. S. 1049, the evidence failed to convince the court that the instrument in reality constituted a transfer, and the court said that its validity depended upon the fact as to whether the transfer had been established, that no evidence existed that by the instrument he attempted to transfer any title, and that it amounted to a "mere acknowledgment that he was custodian of the property."

The evidence in this case, however, shows that the assignment of the stock to the respondent was made in blank in November, 1924, and placed in an envelope bearing respondent's name, and which contained other securities and papers belonging to her. Sub-

sequently, in April, 1925, the envelope was placed by the bankrupt in a safe deposit box at a bank, and in November, 1925, he included her name as transferee in the certificate and made physical delivery thereof to her. In the presence of the witness Hill, he informed respondent of the assignment to her, and in December following asked her to put the 30 shares of stock, including 120 shares which were also in his custody for safe-keeping, in her own safe deposit box. It was testified by respondent that from the first she had requested the bankrupt to keep the stock and continue to collect dividends while it was in his name. The witness Hill testified that, prior to the actual delivery of the stock, he was present when the bankrupt told respondent of the assignment in blank, and that he held the certificate for her.

I agree with the special commissioner that the assignment became effective when it was executed in November, 1924; that at such time, or shortly thereafter, constructive delivery was made. It was not a secret execution of an assignment without notice, for respondent was informed of the occurrence, and, moreover, knew the stock had been set aside for her. This showing, which is fairly corroborated, was sufficient to create a trust and that title had passed. In this respect the Govin Case, cited by the receiver, is distinguishable, since in that case there was a mere signing of an acknowledgment, without delivery or any evidence that the ownership had changed.

The report of the special commissioner is affirmed, without costs.