In the Matter of the Estate of FREDERICK G. Voss, Deceased.

Surrogate's Court, New York County, December 19, 1929.

*Taylor, Blanc, Capron & Marsh*, for the executors.

*William F. McKenna* [*Albert J. Rifkind* and *Thomas T. Reilly* of counsel], for the heirs at law, Frederick G. Voss and Carlos F. Voss.

*Hawkins, Delafield & Longfellow* [*Lewis L. Delafield*, *E. J. Dimock, Eleanor S. Burch, Lawrence Morris* of counsel], for The American Museum of Natural History.

FOLEY, S. A preliminary question arises in this accounting proceeding as to whether the sum of $150,000 directed to be paid by the will of the testator to his widow is a debt or a legacy. The provision in the will reads as follows: " I direct my executors to pay out of my estate forthwith without any delay and without any court formalities, if such can be done legally, to my beloved wife, Bertha M. Gillespie Voss the sum of one hundred and fifty thousand dollars net without any deduction whatever, income tax, all other taxes, commissions and all other expenses to be paid out of my residuary estate. These one hundred and fifty thousand dollars constitute the proceeds of the sale of our former residence situate at, and then known as 334 Riverside Drive, New York City, plus interest and bonus; I presented this property to her in or about 1906, later it was retransferred to me for a nominal consideration, with the understanding and agreement between us, that the proceeds of this sale together with interest and bonus, fixing and stipulating same arbitrarily in the sum of one hundred and fifty thousand dollars, should be paid to her, if surviving me, immediately upon my demise, this explains the foregoing provision."

Ordinarily the question would not arise, because there are ample funds in the estate to pay this sum to the widow, whether it be regarded as a debt or a legacy. But it becomes important by reason of section 17 of the Decedent Estate Law,* which prohibits

---

* Amd. by Laws of 1929, chap. 229.

a person leaving surviving a husband, wife, child or descendant or parent from devising or bequeathing to charity more than one-half of his or her estate *after the payment of debts*. It is conceded by all parties interested that the section has been violated in this estate, and that the American Museum of Natural History of the City of New York — the charitable or scientific corporation — as residuary legatee under the terms of the will, is devised and bequeathed more than a one-half share of the estate. The testator left him surviving as his only next of kin his widow and two sons. The sons contend that the provision for the payment of $150,000 is a debt. The residuary legatee contends it is a legacy. The executor in its account has treated it as a legacy. If it is a debt, it is deductible from the gross estate before computing the one-half share to which the residuary legatee is entitled. On the other hand, if it is a legacy, the one-half share payable to the residuary legatee must be computed upon the gross value of the estate without deduction of such sum. If it is a debt, the next of kin would receive $75,000 more out of the estate to be divided equally among them, and the residuary legatee — the charitable corporation — $75,000 less. If it be a legacy, the opposite result would obtain. I hold that there was an enforcible agreement entered into between the testator and his wife as expressed in his will, which constituted a valid debt due to his wife in the amount therein fixed by him. The declaration of the testator in his will must be deemed to be an admission of an indebtedness. It is an admission against interest made in an instrument of a solemn character and carries with it the presumption of truth. In addition, it is supported by the wife's testimony of the transaction.

In *Matter of Gallagher* (153 N. Y. 364) the rule with respect to declarations of deceased persons is stated as follows: " An entry or memorandum made by a deceased person against his interest, found in his books or papers, is, in general, admissible against his estate in favor of a party seeking to establish the fact stated. They are presumably truthful." In *Govin* v. *De Miranda* (140 N. Y. 474) there were found certain bonds in an envelope left by the decedent which contained a declaration in writing that they belonged to the plaintiffs in that action. This bare declaration, unsupported by any other testimony except the actual presence of the bonds, was held to be sufficient to establish title in the plaintiffs. In the consideration of the *Govin* case the court stated: " The case depends entirely upon the force and effect to be given to that paper as evidence, and, we think, it shows that nineteen of these bonds belonged to the plaintiffs. They were found in his safe, and there is the unqualified declaration that

they belonged to them. We must infer from that language that they came to the ownership of the plaintiffs in some legal way — by purchase or gift from some one — and, if there was nothing else in the paper qualifying the declaration no one would dispute that it furnished absolute evidence of their ownership of the bonds. * * * We think, therefore, that the paper furnishes, in the absence of any evidence explaining or contradicting it, satisfactory proof of the ownership of the bonds mentioned therein by the plaintiffs."

The *Govin* case was discussed and followed in *Miller* v. *Silverman* (247 N. Y. 447), where an envelope with certain securities and bonds, found in a safe deposit box in the name of a decedent, contained a declaration that they " belonged to Anna C. Miller " (the plaintiff). In this case the declaration of the testator in his will is entitled to even greater weight, because not only does it stand uncontradicted, but it is corroborated by the testimony of his widow, who acknowledged that " in substance and effect " there was such an agreement between them. The property was conveyed to her, and subsequently was retransferred to the testator. In a former will, executed in 1915, the testator here recited the transaction between himself and his wife almost in the identical language as in the present will, except that the amount which he directed paid to her was $100,000 instead of $150,000, and except that he closed the paragraph by saying: " I agreed at the time that these proceeds plus interest and bonus should be paid to her, if surviving me, immediately upon my demise, this explains the foregoing provision." The difference in the amounts in the two wills is not inconsistent with the understanding of the parties, but rather confirms the agreement of the testator to pay his widow the proceeds of the sale of the property, which were received by him in 1910. It appears that these proceeds amounted to about $80,000. With interest they would have aggregated in 1915, the date of the execution of the first will, approximately $100,000, and in 1922, the date of the execution of the second will, about $150,000 — the sums of indebtedness respectively fixed by the testator. *Matter of Gould* (156 N. Y. 423), cited by the residuary legatee in its brief, is distinguishable from the present case, and has no application. The court there did not go into the form of the provision to determine whether it was a debt or a legacy, but held that the transfer of the property by will was sufficient under the statute to impose a tax upon it.

Proceed accordingly.