## In the Matter of the Estate of Max Kaphan, Deceased.

Surrogate's Court, New York County, February 4, 1941.

*Selig Dresner*, for the petitioner.

*Samuel R. Feller* [*Leo H. Hirsch, Jr.*, of counsel], for the respondent.

Foley, S.  In this discovery proceeding the principal issue involves the validity and effectiveness of an alleged gift made by the decedent to the respondent, Doris V. Rosenberg.  The transfer is evidenced by an instrument which was signed by the decedent on May 16, 1940.  His death by suicide occurred approximately two weeks later on May 31, 1940.  The respondent had been employed by the decedent for some years as the office manager of his insurance brokerage business.  It does not appear to have been very extensive or lucrative.

The instrument reads as follows: " To Whom It May Concern: Miss Doris V. Rosenberg of 52 West 69th Street, this City is to have full and complete access to my files and safe, without any hindrance from any one.  I am also assigning over to her all my account books because this being a personal business and she being well acquainted with most of my customers, I feel she is the only one qualified to retain them.  However, it would please me very much if she would agree to give my daughter Adele Kaphan Twenty Five Percent (25%) of the commissions she may make."

The instrument was executed in duplicate and was attested by three witnesses.

The evidence sufficiently shows that one duplicate original was delivered to the respondent by the decedent at or about the time of execution. The other counterpart was found in the safe of the decedent after his death.

The surrogate holds that a valid gift to the respondent of the list of customers and of his account books has been established. In the instrument evidencing the gift the decedent stated: " I am also assigning over to her all my account books." Under the authorities dealing with gifts or declarations of trusts, the courts have recognized similar language as being sufficient to sustain the gift or trust. They import delivery without direct proof of that essential element of a gift. (*Govin* v. *de Miranda,* 140 N. Y. 474; *Miller* v. *Silverman,* 247 id. 447; *Matter of Cohn,* 187 App. Div. 392.) The words written by the donor constitute an admission and are strong evidence of the making of an absolute transfer. (*Matter of Brown,* 252 N. Y. 366; *Matter of Brady,* 254 id. 590, affg. 228 App. Div. 56; *Matter of Valentine,* 122 Misc. 486.)

It is contended that the instrument evidencing the gift is ineffective because it constituted part of a series of transactions by which papers prospective in operation or testamentary in form were executed by the decedent. When they were executed he plainly had formulated a design for suicide. One of these instruments, the alleged will of the decedent, was denied probate because of non-compliance with our Statute of Wills. However, the instrument of gift here involved is neither prospective nor testamentary in character. In it there are words of a present and absolute gift since the decedent wrote, " I am * * * assigning " the specific books. In *Matter of Cohn (supra)* the Appellate Division, First Department, sustained a gift of stock by the decedent to his wife based upon a writing which read, " I give this day to my wife " the described securities.

The further contention, however, of the respondent that the instrument was a conveyance to her of the entire business of the decedent is overruled. He described that business as a " personal business." He limited the gift to the books of account, only, with a direct reference to his " customers." Plainly he contemplated that she would procure a license to solicit insurance and that the names of his customers and the information as to their policies would be exclusively available to her.

On the other hand, certain of the contentions of the administrator are sustained. The accounts receivable were assets of the decedent's estate. They were not included in the gift. All of

his business papers which have been taken over by the respondent, other than the account books or list of customers, must be returned by the respondent to the administrator. The office furniture or any other appurtenances connected with the conduct of the business are likewise the property of the estate. The account books which the respondent is entitled to retain must, moreover, be made available for inspection by the administrator, his attorney or other authorized representative in order that any outstanding claims due from creditors may be collected for the estate. They will also be of use to the administrator in the ascertainment and payment of any debts which the decedent may have owed at the time of his death.

The final sentence in the instrument of gift which contains a request by the decedent that the donee should give a part of the commissions to the daughter of the decedent is merely precatory.

Submit decree on notice accordingly.