# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

## State of New York.

---

In the Matter of the Judicial Settlement of the Account of Proceedings of MARGARET M. WRIGHT, as Testamentary Trustee under the Last Will and Testament of JAMES NISBET, Deceased, Respondent.

MARGARET E. CALLEN, Appellant.

First Department, June 3, 1910.

**Trust — gift by trustee from her personal estate, when not treated as payment from trust funds — agreement of donee to pay interest.**

Where a testamentary trustee having absolute title to an undivided two-third part of moneys deposited by her, and also a life interest in the income from the remaining third, with contingent remainders over, pays a certain sum to her daughter, one of the contingent remaindermen, under an agreement showing that it is a gift by way of an advancement from the donor's individual estate, it cannot be treated as a payment from the portion held in trust.

The donee's agreement to pay interest during the donor's lifetime did not invalidate the gift.

APPEAL by Margaret E. Callen from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 28th day of January, 1910, settling the accounts of respondent herein.

*Godfrey Goldmark*, for the appellant.

*Francis B. Wood,* for the respondent.

DOWLING, J.:

On January 3, 1886, James Nisbet died, leaving a last will and testament, whereof Margaret M. Wright was executrix, and under which she is testamentary trustee, and whereby a life estate in all his property was given and devised to his wife Janet, with remainder to his three children, Margaret, James and Andrew; in case of the death of any of them before the decease of his wife, then his or her child or children should succeed to the parents' share; but while the shares of James and Andrew were stated to be given to them absolutely, the share given to Margaret was for her life only; at her death her one-third share was to be divided among her surviving children, and in case she died without children, then it was to go to her brothers or their issue. James Nisbet owned the premises 231 West Thirty-third street, New York city, and under his will, his wife having died in March, 1886, his sons James and Andrew each then became seized of a one-third interest in said premises and his daughter Margaret M. Wright became entitled to the life estate in the remaining one-third. Prior to January 16, 1902, she purchased the interest of her brothers in the premises, and thus became seized in fee of an undivided two-thirds interest therein and was the owner of the life estate in the other one-third. On or about January 16, 1902, she sold the premises for $27,000 which she deposited in a trust company in her individual name. Of this amount she was the absolute owner in her own right of $18,000 representing the value of an undivided two-thirds of the purchase price, and the remaining $9,000 was held by her in her representative capacity, she being entitled to the income therefrom for life. Being thus the owner of $18,000 she began in September, 1905, to make advances to her daughter, Mrs. Margaret E. Callen, which by February 27, 1906, amounted to $4,500. It is the contention of Mrs. Wright that these were payments procured to be made by her daughter's pleas of poverty and demands for her share of her grandfather's (James Nisbet's) money. In response to questions which were leading in the highest degree, but to which no objection was taken, she insisted that this was the sole reason why

she had paid the sums of money to her daughter as amounts that would be coming to the latter when the mother died, as one of the remaindermen under the grandfather's will. Mrs. Wright had four children, all daughters. Mrs. Callen testified that her mother told her that if she and her husband would buy the land, the mother would give her the money wherewith to build a house thereon, the daughter to pay interest on the sum during the mother's lifetime. This was actually done, the land was bought, the house was built and the interest was paid to the mother continuously. Joseph A. Callen corroborates his wife's testimony in these respects.

There was then received in evidence an agreement in writing under seal, dated November 20, 1907, between Margaret E. Callen and Margaret M. Wright, wherein was recited the prior gift by mother to daughter of the sum of $4,500 under a verbal agreement that the daughter would pay the mother four per cent per annum upon said sum in semi-annual payments during the latter's lifetime, and whereby the daughter covenanted to pay such interest on the first days of January and July of each year, and whereby the mother " for herself, her heirs, executors and administrators, does covenant, promise and agree to and with the said Margaret E. Callen that she, the said Margaret M. Wright intended to make a gift of the said * * * $4,500 to the said Margaret E. Callen, and does hereby declare the same to have been a gift, subject, however, to the agreement to pay the sum of 4% per annum thereon during the lifetime of the said Margaret M. Wright, and she does hereby further covenant, promise and agree that upon her death her heirs, executors and administrators shall not make any demand from her, the said Margaret E. Callen, for the said sum of * * * $4,500, nor shall she, the said Margaret E. Callen, be obliged to pay the said sum of * * * $4,500 during the lifetime of the said Margaret M. Wright, nor shall she be obliged to account for or pay to the heirs, executors, administrators or assigns of the said Margaret M. Wright the said sum of * * * $4,500." It is not disputed that this sum of $4,500 is the same as that represented by the advances made to the daughter aggregating $4,500. The agreement is not attacked ; it is not claimed to have been procured by fraud, duress or undue influence; it is not even sought to be explained. It affords the most persuasive and complete corroboration of Mrs. Callen's testimony. The learned surrogate said he did

First Department, June, 1910.                    [Vol. 139.

not think the paper was material, but upon what ground is not indicated. Mrs. Wright had four daughters and a personal estate in her possession of $18,000 in cash. The proof is convincing that she made a gift to her daughter Mrs. Callen of approximately $4,500, which would be exactly one-fourth of her estate, and which gift was made by way of advancement. To assist the daughter in obtaining a home she gave her, upon her buying the land, a sum equal to what the daughter would be entitled to receive as her share of the mother's individual estate in case of intestacy and quite apart from any interest in the James Nisbet estate of $9,000, wherein the mother still had her life estate. To carry out the idea of an advancement the mother was to receive interest on the amount for her lifetime. The whole transaction under the circumstances was a perfectly natural one which no one seems for years to have questioned. It is too late now to seek to distort it into a procurement by the daughter of more than her share of her grandfather's estate. The agreement to pay interest upon the gift during the mother's lifetime did not invalidate the gift. (*Doty* v. *Willson*, 47 N. Y. 580.) The decision and decree, therefore, in so far as they attempt to hold that Mrs. Callen has been paid her share in the estate of James Nisbet are erroneous, for the sums paid her were a gift from her mother by way of advancement from her personal estate, and Mrs. Callen has received none of the funds of the estate for her contingent interest therein or otherwise; the trustee must be surcharged with the whole of $4,500, which she claims to have loaned to Mrs. Callen out of the trust estate, and be directed to invest the funds of the estate in the manner directed by the will.

The decree appealed from is reversed, with costs to the appellant against the respondent personally, and the proceeding remitted to the Surrogate's Court for further action in accordance herewith.

McLAUGHLIN, CLARKE and SCOTT, JJ., concurred.

INGRAHAM, P. J. (concurring):

I concur with Mr. Justice DOWLING. This was a voluntary proceeding instituted by Margaret M. Wright. The relator alleged that James Nisbet died leaving a last will and testament by which he devised to the petitioner during the term of her natural life

certain real property in the city of New York with a remainder over to the issue of the petitioner. The said will contained a power of sale and provided that in the event of the sale of said property the executors should invest the proceeds of the one-third interest devised to the petitioner and pay over the income thereof to the petitioner during her natural life; that the real property was sold by the petitioner under a power of sale contained in the will, and there has come into her hands the proceeds of the sale and she desired to render an account to the surrogate of her conduct as testamentary trustee of said undivided one-third interest in said real property. She submits an account in which it appears that the sum of $9,000 was the proceeds of the real property and that $4,500 had been deposited to her credit in certain savings banks in the city of New York and $4,500 had been loaned to the petitioner's daughter during the life of the petitioner. By the will of Nisbet there was created a trust which arose upon the exercise of the power of sale by the executors, and the executors were required to invest the share of the testator's daughter, the petitioner, in New York city stock or upon mortgage of real estate and to pay to her the income for the rest of her life with remainder over to her children. The testator appointed his wife and his three children executors. The wife appears to have died after the testator and the petitioner was the only executor who qualified and, therefore, when this trust came into existence the beneficiary was the sole trustee. It is established that the same person cannot be at the same time trustee and beneficiary of the same identical interest. (*Woodward* v. *James*, 115 N. Y. 346.) The trust, however, did not fall but was to be enforced by the court by the appointment of a trustee to carry it into effect. The petitioner having exercised the power of sale under the will the proceeds of the real property which was to be held in trust came into her hands charged with the trust to carry out the provisions of the will. She had no power to use this money in any way except as directed in the will. Any attempt to pay it to one of the remaindermen upon any contract or agreement was a violation of the trust and made her liable to restore the money so loaned or advanced. So that assuming that she had attempted to make such a loan, as appears by her account, such loan was unauthorized. Her daughter to whom she made the loan was,

according to the will, not to receive it unless she survived her mother. She had not, therefore, a vested remainder or at most it was a remainder subject to be divested by her death before her mother. The transaction, therefore, between the petitioner and her daughter cannot in any way be considered as an investment of this trust fund and I agree with Mr. Justice Dowling that, upon the evidence, there was no such investment. The money advanced by the petitioner to her daughter is controlled by the agreement which was introduced in evidence and had no relation to the fund that the petitioner had which was impressed with this trust and for which the petitioner is bound to account.

Decree reversed and proceedings remitted, as stated in opinion with costs to appellant against the respondent personally.

---

Hyman Samelson, Appellant, *v.* Carrie Mayer, Doing Business under the Name of D. A. Mayer Company, Respondent.

First Department, June 3, 1910.

**Municipal Court — sufficiency of oral complaint — appeal — defective record — practice where defendant questions sufficiency of oral complaint.**

The sufficiency of an oral complaint in the Municipal Court cannot be decided on appeal where the record does not show the exact provisions of the complaint as orally stated. The record is defective if it merely show that by the docket and the summons as indorsed the action was for "labor performed and materials furnished."

*It seems,* that a complaint in said words is insufficient, in that it does not state that the services were rendered and the material furnished at the defendant's request, or show whether the plaintiff is suing for an agreed price, or for a *quantum meruit.*

An oral pleading in the Municipal Court must state facts sufficient to constitute a cause of action, though they need not be set forth with the detail required in a written complaint.

Deficiencies in the oral pleading cannot be supplied by a bill of particulars.

The proper practice where there is an oral complaint is as follows: The defendant if he deem the complaint insufficient, must raise the issue by demurrer before answer, and the complaint should then be taken down at length. If