BECK v. STAUDT et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

TRUSTS (§ 25*)—DECLARATION OF TRUST—SUFFICIENCY.

　　An owner of bonds placed them in an envelope and wrote across the face of it the words, "The property of" a person named. He deposited the same in a safety deposit box to which he alone had access. On his death the bonds were found in the envelope in the box. *Held* not to create a trust for the person named.

　　[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 34–37; Dec. Dig. § 25.*]

Appeal from Special Term, New York County.

Action by Elizabeth M. Beck against John Staudt, executor of Joseph Huber, also known as Joseph Huber, Jr., deceased, and others. From a judgment dismissing the complaint on the merits, on a decision after trial without a jury, plaintiff appeals. Affirmed.

See, also, 140 App. Div. 935, 126 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MIL-LER, LAUGHLIN, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward W. S. Johnston, for appellant.
Gustav Lange, Jr., for respondent Staudt.
George H. Taylor, Jr., for infant respondents.

MILLER, J. Joseph Huber, the defendants' testator, purchased 10 unregistered bonds of the Brooklyn Union Elevated Railroad Company. Upon his death the bonds were found in his safe deposit box in an envelope across the face of which was written in his handwriting the words, "The property of Miss Lizzie Beck, 842 Forest Avenue." He alone had access to the box. The plaintiff seeks to recover the bonds on the theory that he at least created a tentative trust for her, which, upon his death, becomes irrevocable.

The opinion of Mr. Justice Lehman, who decided the case at Special Term, adequately deals with the question involved. We agree with the views well expressed by him, and desire only to point out a distinction between this and the case of Govin v. De Miranda, 140 N. Y. 474, 35 N. E. 626, which appears to have been overlooked. That case was decided solely upon the written declaration of the testator to the effect that certain bonds belonged to the plaintiffs. There being nothing to explain or contradict, it was assumed that it was true, and that the bonds "came to the ownership of the plaintiffs in some legal way—by purchase or gift from some one." The serious question considered in the case was whether the positive declaration that the bonds belonged to the plaintiffs was qualified by the last clause of the statement, viz.:

"No person shall have the right to oppose this declaration, because it is founded on conscience and justice. I reserve this money only for what I may consider proper."

It was held that all of the statements contained in the declaration must be harmonized, if possible, and that, reading them together, it was to be assumed, in the absence of proof to the contrary, that the bonds were the property of the plaintiffs, as the testator had unequivocally declared, and that they were in his possession "under some agency, or possibly upon some trust." In this case, the established facts are that the testator was himself the owner of the bonds, and that he put them in an envelope, wrote across the face of it the words first above quoted, and deposited them in his safe deposit box, to which no one else had access. Concededly, the essential element of delivery to constitute a gift was wanting.

The court found, what the surrounding circumstances indicate was the fact, that the testator intended his declaration to speak only from his death. He doubtless supposed that he could thus make a testamentary disposition; but there is nothing to suggest that he intended a trust, and the courts should not defeat the statute of wills by constructing trusts. This case is not distinguishable from Gegan v. Union Trust Co., 129 App. Div. 184, 113 N. Y. Supp. 595, affirmed 198 N. Y. 541, 92 N. E. 1085, except that there was evidence in that case tending to indicate that the testator supposed that the attempted gift had become effectual during his lifetime. The grounds upon which the learned counsel for the appellant attempts to distinguish that case

appear to us to be altogether too unsubstantial to justify the attempted distinction.

The judgment should be affirmed, with costs.  All concur.