THE PEOPLES TRUST COMPANY and Another, as Executors, etc., of WILLIAM DICKSON, Deceased, Plaintiffs, *v.* JENNIE DICKSON, Defendant.

Supreme Court, Kings County, January, 1926.

**Gifts — plaintiffs' testator by agreement gave " into the possession " of defendant certain shares of stock " to hold in her possession " until his death when they were to become personal property of defendant — in event he should survive defendant said shares were to " be returned " to him and become part of his estate — agreement not gift in absence of intent — complaint in action to recover said stock is sufficient.**

An agreement executed by plaintiffs' testator and the defendant, his wife, by which he gave " into the possession " of the defendant " 90 shares of Bethlehem steel common, to hold in her possession, until after my death " when they " are to become the personal property of my said wife," provided that should he survive her the said shares were " to be returned " to him to " become as part of my estate," cannot be construed as a gift in the absence of any evidence of an intent to effect a transfer notwithstanding an actual delivery of the stock.

Moreover, the terms of the agreement negative any intention of a gift; therefore, the complaint of the plaintiffs, in an action to recover the possession of said stock from the widow, is sufficient, which recites said agreement and alleges that the stock certificate remained in the possession of the defendant during the lifetime of the testator, and is still in her possession, said testator having predeceased her, and that demand for the certificate has been made by plaintiffs and refused.

MOTION for judgment dismissing the complaint on the ground that the same does not state facts sufficient to constitute a cause of action.

*Wingate & Cullen* [*Conrad Saxe Keyes* of counsel], for the plaintiffs.

*Kellogg, Street & Adikes* [*Charles H. Street* of counsel], for the defendant.

FABER, J.   The action is brought to recover ninety shares of the common stock of the Bethlehem Steel Company standing in the name of plaintiffs' testator, William Dickson, and which, on or about October 14, 1924, he indorsed in blank and delivered the same to his wife, the defendant, accompanied by a paper which was signed by both parties and is fully set forth in the complaint reading as follows:

" QUEENS 14 *Oct.*, 1924.

" This understanding between my wife Jennie, and myself, made this the 14th day of Oct. 24.   This is, that, I give into the possession of my wife Jennie, 90 shares of Bethlehem Steel common, to hold in her possession, until after my death, and after my death that 90 shares of Bethlehem Steel common, are to become the personal

property of my said wife Jennie, but in case I should survive her, then after her death, these 90 shares of Bethlehem Steel common are to be returned to me and become as part of my estate.

" (Signed)      WILLIAM DICKSON<br>" JENNIE DICKSON."

The complaint also alleges that the certificate for said ninety shares of stock remained in the possession of the defendant during the lifetime of plaintiffs' testator and is still in her possession; that the said testator died on June 16, 1925, leaving a last will and testament which was duly probated on August 31, 1925, and of which the plaintiffs in this action are the executors. After they had qualified as executors the plaintiffs demanded said certificate of stock from the defendant, claiming that the same was the property of the estate. The defendant claims that it is her property and has refused to deliver the certificate to the plaintiffs. The action is brought for the purpose of testing the validity of the transaction, which the plaintiffs contend was, in effect, an attempt to perform a testamentary act without the compliance with the formalities required by law in the making of a will, and hence is illegal and ineffectual, and, consequently, no matter what the intention of the parties was, the transaction cannot be given legal effect. The defendant claims that there was a valid gift of the stock involved to the defendant, subject to be defeated only by the death of the defendant prior to the death of plaintiffs' testator.

It is not disputed that the requisites of a valid gift of personalty are an intent to make an immediate gift, a delivery of the subject thereof, and acceptance by the donee. (*Matter of Fonda,* 206 App. Div. 61.) Nor does it seem to be questioned that if there is the " written transfer delivered to the donee " which, in the case of *Young* v. *Young* (80 N. Y. 422, 430) was assumed to be competent to express the fact of the gift, it is not to be regarded as diminished or defeated by the reservation therein by the donor of the income during his life. (*Flint* v. *Ruthrauff,* 26 App. Div. 624; affd., 163 N. Y. 588; *Judson* v. *Hatch,* 171 App. Div. 246; *Beaumont* v. *Beaumont,* 152 Fed. 55; *Matter of Wright,* 139 App. Div. 1; *Young* v. *Young, supra; Bone* v. *Holmes,* 195 Mass. 495.) Nor would it seem to be less a gift because accompanied by words indicating that it was " provisional " as in the case of *Flint* v. *Ruthrauff* (*supra*), or so expressed as to make it, though presently vested, subject to defeasance by the death of the donee before the donor, as surely a gift by will or formal deed of trust might be expressed. (*Matter of Seaman,* 147 N. Y. 69, 74; *Matter of Green,*

153 id. 223, 228.) I do not find either in the case of *Young* v. *Young* (*supra*) or the majority opinion in *Matter of Humphrey* (191 App. Div. 291) anything to interfere with the above conclusions, and, if there was nothing else in the case, judgment would follow for defendant. But there is here the question whether there was any intent to make a gift. There was manual delivery, and there was manual acceptance, but the primary requisite of intent seems lacking, and indeed negatived by the terms of the written agreement, above quoted, under which the delivery and acceptance were made. The agreement contains no words of present transfer or present gift. Explicitly it gives the stock into the " possession " merely of the wife, who is " to hold [it] in her possession until after " the husband's death, when, and only when, it is " to become the personal property of " the wife, but if she dies first it is " to be returned ＊　＊　＊　and become part of " the husband's estate. What was said in *Matter of Humphrey* (*supra*, 293) seems inescapably applicable to the present case: " Therefore, all that Walter A. Evans secured by the delivery of this stock was the possession thereof. The title still remained in Margaret P. Humphrey. This clearly appears from the fact that there was no agreement to retransfer or to bequeath it by will, but that the stock, in the event of Evans' death before Mrs. Humphrey's would revert to her. The certificate was to remain in her name, and it was a part of the agreement that all dividends on said stock during her life were to be paid to her. Therefore, Evans merely held the stock during her lifetime with the agreement that he could transfer it to himself after her death. There can be no doubt under these circumstances that Mrs. Humphrey could have at any time revoked the transaction. Until the donor has divested herself absolutely and irrevocably of the title, dominion and control of the subject of the gift she had power to revoke. (*Curry* v. *Powers*, 70 N. Y. 212; *Lehr* v. *Jones*, 74 App. Div. 54.) "

For the reasons stated I am of the opinion that the complaint states a cause of action, and the motion is, therefore, denied, with ten dollars costs.