ANNA C. MILLER, Appellant, *v.* FLORENCE SILVERMAN, as Administratrix of the Estate of EDWARD A. NEW, Deceased, Respondent.

Replevin — decedent's estate — actions to recover securities in safe deposit box of decedent at his death on ground that they were property of plaintiff — memoranda in decedent's handwriting attached to securities stating they were property of plaintiff proof that all acts necessary to vesting of title had been performed — erroneous dismissal of complaint as matter of law.

In an action in replevin to recover possession of certain securities in possession of defendant's intestate at the time of his death, where the complaint simply asserted that plaintiff was and now is the owner of the securities and entitled to possession thereof, memoranda attached to such securities, found in a safe deposit box rented by intestate, in his handwriting, to the effect that they belonged to plaintiff, constituted evidence that all acts necessary to the vesting of title in her had been performed and it was error to dismiss the complaint as matter of law. (*Govin* v. *de Miranda*, 140 N. Y. 474, followed.)

*Miller* v. *Silverman*, 221 App. Div. 697, modified.

(Argued February 16, 1928; decided March 27, 1928.)

APPEAL from a judgment, entered November 25, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict

directed by the court and directing a dismissal of the complaint.

*Harry Bijur* for appellant. Plaintiff made out, at least, a good and complete *prima facie* case. (*Govin* v. *DeMiranda,* 140 N. Y. 474; *DeWolf* v. *Williams,* 69 N. Y. 621; *Pichler* v. *Reese,* 171 N. Y. 577; *Equitable Trust Co.* v. *Keene,* 111 Misc. Rep. 544; *Gratwick* v. *Smith,* 202 App. Div. 600; *Raabe* v. *Squier,* 148 N. Y. 81; *Gangi* v. *Fradus,* 227 N. Y. 452; *Koester* v. *Rochester Candy Works,* 194 N. Y. 92; *Reed* v. *McCord,* 160 N. Y. 330; *Eisenlord* v. *Clum,* 126 N. Y. 552; *Cook* v. *Barr,* 44 N. Y. 156.)

*Clarence De Witt Rogers* for respondent. It was reversible error for the trial court to treat the memoranda in decedent's handwriting as conclusive evidence that plaintiff was the owner of the property in question. (*Chamberlain* v. *Iba,* 181 N. Y. 486; *Champion* v. *Joselyn,* 44 N. Y. 653; *Cook* v. *Barr,* 44 N. Y. 156; *Matter of Gallagher,* 153 N. Y. 364; *Wadd* v. *Hazelton,* 137 N. Y. 215; *Gangi* v. *Fradus,* 227 N. Y. 452; *Koester* v. *Rochester Candy Works,* 194 N. Y. 92; *Eisenlord* v. *Clum,* 126 N. Y. 552; *Hannahs* v. *Hammond Typewriter Co.,* 158 App. Div. 620; *Hudson* v. *Swan,* 83 N. Y. 552; *North Shore Boom Co.* v. *Nicom Boom Co.,* 52 Wash. 564; *Gray* v. *Gray,* 47 N. Y. 552; *Matter of Housman,* 224 N. Y. 525.)

KELLOGG, J. This action, in replevin, was brought to recover the possession of certain securities which were in the possession of Edward A. New at the time of his death. The plaintiff, in her complaint, made no allegation as to the facts constituting her acquisition of title. She was content to assert that she was, at all the times mentioned in the complaint, and now is, the owner of the securities and entitled to the possession thereof. This allegation was denied by the defendant. On the trial, at the conclusion of the evidence, each side moved for the direction of a verdict. The trial judge directed a verdict for the

plaintiff. The Appellate Division reversed and dismissed the action.

The securities were found, after the death of Edward A. New, in a safe deposit box in the vaults of a certain safe deposit company. An envelope containing certificates of stock in various corporations, issued to Edward A. New, was discovered in the box. Upon the outside of the envelope there had been written by New the words "All in envelope belong to Anna C. Miller." Anna C. Miller is the plaintiff. Within the envelope there was a slip of paper upon which New had written: " Whatever is in this envelope belongs to Miss Anna C. Miller." There were also two packages of bonds in the safe deposit box. One contained bonds of the Baltimore and Ohio Railroad Company, payable to bearer. Attached thereto was a slip bearing words, written by New, reading: " These bonds of B. & O. belong to Anna C. Miller. Edw. A. New." The other package contained bonds of the Tennessee Electric Power Company, payable to bearer. Attached was a slip bearing the words, in New's handwriting: " These bonds Tenn. Elect. belong to Anna C. Miller. Edw. A. New."

The safe deposit box had been rented by Edward A. New in November, 1925. Prior to that time the plaintiff, Anna C. Miller, had a deposit box in the same safe deposit company. Frequently she and New had visited the vaults of the company; had removed the plaintiff's box; had retired to a booth to open it; had handled the securities therein contained. After New had leased a box for himself, the two had pursued the same course of action in reference to that box and the securities in -question which were contained therein.

In *Govin* v. *de Miranda* (140 N. Y. 474) there was considered the case of a testator who left certain bonds in an envelope upon which there appeared a declaration by him that they belonged to the plaintiffs in the action.

29

The court held that the ownership of the plaintiffs had been proven thereby. It said: " We must infer from that language that they came to the ownership of the plaintiffs in some legal way — by purchase or gift from some one; and if there was nothing else in the paper qualifying the declaration no one would dispute that it furnished absolute evidence of their ownership of the bonds." In our case, as in the *Govin* case, the plaintiff is contending, not that the memoranda were in themselves sufficient instruments of transfer, but that they constituted evidence that all acts, necessary to the vesting of title in her, had been performed. There can be no doubt of the correctness of the contention. If other evidence indicated that Edward A. New had originally owned the securities, then the memoranda proved all the facts of a lawful transfer. If a transfer by gift was indicated, then they evidenced delivery as well as intention to give. The certificates of stock, which were issued in the name of New, although unindorsed by him, as well as the bonds, which were payable to bearer, were susceptible of transfer by a manual delivery with intention to give. (*Westerlo* v. *De Witt*, 36 N. Y. 340; *Herbert* v. *Simson*, 220 Mass. 480; *Matter of 35% Automobile Supply Company*, 247 Fed. Rep. 377; 20 Illinois Law Review, p. 9.) Moreover, there was ample opportunity to make the gift when the plaintiff and New made their visits to the vaults of the safe deposit company and jointly handled the securities in question. In *Matter of Gallagher* (153 N. Y. 364) the court considered a writing wherein a testator had declared his financial obligation to the plaintiff. It said: " But as an admission it was competent evidence, although the testator retained it in his possession. An entry or memorandum made by a deceased person against his interest, found in his books or papers, is in general admissible against his estate in favor of a party seeking to establish the fact stated. They are presumably truthful." It may well be that in our case a trier of fact might consider that the declarations,

as evidence of the plaintiff's title, were outweighed by evidence of other facts, such as the fact that the securities were purchased by New, the fact that dividends and interest moneys upon the securities were received by New, and the fact that no other person than New possessed the key to the safe deposit box which held the securities. However this may be, the fact remains that no trier of fact, as yet, has ever so held. The Appellate Division made no findings of fact. It dismissed the action as a matter of law. We think that in the face of substantial evidence to the effect that the securities belonged to the plaintiff, the dismissal was error.

The judgment should be modified by granting a new trial and as modified affirmed, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment accordingly.