In the Matter of the Judicial Settlement of the Account of HELEN M. CRAWFORD, as Executrix of the Last Will and Testament of FRANK L. SMITH, Deceased.

Surrogate's Court, Saratoga County, June 30, 1928.

**Gifts — delivery — claim by widow to bond which was contained in envelope on which were written her name and description of bond — proof shows decedent not only owned bond, but received dividends and interest moneys and retained possession during his lifetime — title to bond did not vest in claimant.**

On this proceeding for the settlement of the account of the executrix of decedent's estate, a claim by decedent's widow to the ownership of a certain five per cent bond must be dismissed, where the proof shows that decedent not only owned the bond but also received the dividends and interest moneys thereon and retained possession and custody thereof during his lifetime; whatever may have been decedent's intention in his lifetime to make a gift of the bond to his wife, the proof fails to show that he carried out that intention by making any delivery and by divesting himself of the custody and control of the property in order to vest title in claimant, notwithstanding the fact the bond was contained in an envelope on which were written the widow's name and a description of the bond.

PROCEEDING for settlement of account of executrix, involving ownership of certain bond.

*William Rooney*, for the executrix, Helen M. Crawford.

*Spencer B. Eddy*, special guardian, for Ruth Palmatier, Margaret Palmatier, Kenneth Palmatier, Robert Palmatier, Russell Palmatier, Lyman Palmatier, Harold Palmatier, Ralph Palmatier, Howard Palmatier, Marion H. Crawford, Gordon Crawford and Donald Crawford, infants.

*Morgan E. Welsh*, for the claimant Achsah C. Smith.

TUCK, S.    A question arises upon the judicial settlement of the account of the executrix in relation to the ownership of a certain Liggett & Myers five per cent bond.

The proofs which have been submitted have developed as matters of fact that Frank L. Smith died October 13, 1926, and that among his papers and effects were found a certain envelope upon which there is an indorsement, partly printed and partly in the handwriting of the testator, and which, so far as it is material to the issues in this case, is as follows:

Printed:   " Property of "
Written:   " Achsah C. Smith
            " 1 Tobacco bond, 1,000.
            " 1 Liberty      "        50.
      " ACHSAH C. SMITH "

The written part of the indorsement is conceded to be in the handwriting of the testator. That part of the indorsement " 1 Tobacco bond, 1,000." has a line drawn through it.

Achsah C. Smith, the widow of Frank L. Smith, claims that the certain Liggett & Myers five per cent bond, which is among the assets of Frank L. Smith, deceased, was contained in this envelope and that by reason of the facts aforesaid it is her property.

Among the matters proven are that the bond was owned in his lifetime by Frank L. Smith, the testator; that he retained possession of it during his lifetime; that the bond was a coupon bond and that he cut or detached the coupons from it and made personal use of them, or their proceeds.

The claimant in her behalf submits as authorities which sustain her contention: *Miller* v. *Silverman* (247 N. Y. 447); *Govin* v. *deMiranda* (140 id. 474); *Matter of Gallagher* (153 id. 364).

*Miller* v. *Silverman* is the latest word of the Court of Appeals upon a question somewhat similar to that involved in this case. That was an action of replevin to recover possession of certain securities which were in the possession of the deceased at the time of his death. The claimant made no allegation as to facts constituting her acquisition of title. The securities were found in a safe deposit box of the testator. An envelope containing certificates of stock in various corporations issued to testator was discovered in the box. Upon the outside of the envelope had been written by testator, " All in envelope belong to Anna C. Miller." Within the envelope was a slip upon which testator had written, " Whatever is in this envelope belongs to Miss Anna C. Miller." There were also two other packages of bonds in the safe deposit box, one containing bonds payable to bearer and attached thereto was a slip bearing the words, written by the testator, " These bonds of B. & O. belong to Anna C. Miller. Edw. A. New." The other package contained bonds payable to bearer and attached thereto was a slip bearing the words, in New's handwriting, " These bonds Tenn. Elect. belong to Anna C. Miller. Edw. A. New."

The court in the *Silverman* case has considered the *Govin* case and *Matter of Gallagher* and follows those cases so far as to hold that it must be inferred from the language that they (the securities contained in the envelopes) came to the ownership of the plaintiffs in some legal way, by purchase or gift from some one, and if there was nothing else in the paper qualifying the declaration no one would dispute that it furnished absolute evidence of their ownership of the bonds.

The contention in these cases is, not that the memoranda were in themselves sufficient instruments of transfer, but that they

Misc. 421]      Surrogate's Court, Saratoga County, June, 1928.

constituted evidence that all acts necessary to the vesting of title in her had been performed, and that an entry or memorandum made by a deceased person against his interest, found in his books and papers, is in general admissible against his estate in favor of a party seeking to establish the facts stated. "They are presumably truthful."

Further, in the *Silverman* case the court says: "It may well be that in our case a trier of fact might consider that the declarations, as evidence of the plaintiff's title, were outweighed by evidence of other facts, such as the fact that the securities were purchased by New, the fact that dividends and interest moneys upon the securities were received by New, and the fact that no other person than New possessed the key to the safe deposit box which held the securities. However this may be, the fact remains that no trier of fact, as yet, has ever so held. The Appellate Division made no findings of fact. It dismissed the action as a matter of law. We think that in the face of substantial evidence to the effect that the securities belonged to the plaintiff, the dismissal was error." The court granted a new trial.

The executrix claims that the case at bar is distinguishable from *Govin* v. *deMiranda*, and that moreover the evidence as to the claimant's title is outweighed by evidence of other facts such as that Frank L. Smith was the owner of the bond; that the dividends and interest moneys were received by him and that he retained the possession and custody of the security.

The claimant in the case at bar makes no pretense that the bond was her own property, which was held by Frank L. Smith in trust, so that to vest her with title it becomes necessary that there should be some delivery to her.

Upon the authority of *Beck* v. *Staudt* (149 App. Div. 35), wherein it was held that the fact that a testator before his death placed certain unregistered bonds in an envelope, across the face of which he wrote, "The property of Miss Lizzie Beck, 842 Forest Avenue, N. Y.," and placed the envelope in his safe deposit box, to which he alone had access, does not establish a gift of the bonds to the person whose name appears upon the envelope, we cannot escape the conclusion that whatever may have been the intent of Frank L. Smith in his lifetime to make a gift of the bond to his wife, he failed to carry out his intention by making a delivery thereof and by divesting himself of the custody and control of the property as was necessary in order to vest title in the claimant.

Decree accordingly.