In the Matter of the Estate of WILLIAM J. RICHARDS, Deceased. EMILY J. KAPP, as Administratrix of the Estate of WILLIAM J. RICHARDS, Deceased, Petitioner; EMILY GRIMM, Respondent.

Surrogate's Court, Bronx County, July 20, 1942.

*Leo Ferrara* for petitioner.

*Arthur B. Kelly* for respondent.

HENDERSON, S. The administratrix c. t. a. seeks the sum of $6,724.16, possession of which is admitted by the respondent, who claims a gift.

The decedent became estranged from his wife and children in 1926. In that year he became a boarder in the respondent's home. They continued to live together until the decedent's death.

He had bank accounts with the Dollar Savings Bank and with the North Side Savings Bank. Both accounts were in his name in trust for the respondent.

On January 12, 1942, he drew a check for $2,000 on the North Side Savings Bank, and on January 13, 1942, a check for $4,724.16 on the Dollar Savings Bank. These sums were paid from the respective accounts to the respondent.

On January 13, 1942, the decedent and the respondent went to the North Side Savings Bank where the respondent rented a safe deposit box, at which time she deputized the decedent to have access to the box.

She testified that she placed all of the money above mentioned in the safe deposit box.

On January 16, 1942, the decedent wrote on a piece of paper: "All money in Safe Deposit box is the property of Emily Grimm, Jan 16/1942 W. J. Richards 441-E-161 St Jan 16/19/42"

This writing was in the presence of a friend of the decedent who, at the decedent's request, wrote the word "witness" and signed his name.

On January 17, 1942, at the request of the decedent, his physician attested to the decedent's mental capacity on the same paper and signed his name and wrote the date.

It is evident from the form of the accounts that the decedent desired that the respondent should receive this money upon his death.

In January of 1942 he was ill and died within two months after the alleged gift. While no reason for the gift has been advanced, the only inference that can be drawn from the evidence is that such a gift was made. The respondent received the money from the decedent's bank accounts upon his order. He assisted her in renting a safe deposit box in her name, and then wrote an acknowledgment that the money in the box belonged to her. There was little more that he could do to establish the fact of the making of the gift. (*Miller* v. *Silverman*, 247 N. Y. 447.)

I find that the $6,724.16 belongs to the respondent by reason of a gift *inter vivos*. This proceeding is dismissed on the merits.

Settle decree.