In the Matter of the Estate of ERNEST M. COREY, Deceased.

Surrogate's Court, Queens County, August 3, 1943.

*Wing & Wing* for Elizabeth M. Fosdick, as administratrix *c. t. a.* of the Estate of Ernest M. Corey, deceased.

*Fred M. Ahern* for State Tax Commission.

SAVARESE, S. The administratrix *c. t. a.* appeals from the *pro forma* taxing order made on April 16, 1943, upon the ground that certain securities of the appraised value of $22,903.16 were erroneously included in the decedent's gross estate. The evidence upon which the appraiser made his determination was contained solely in affidavits submitted by or on behalf of the appellant.

Ernest M. Corey died on November 27, 1939, leaving a last will and testament dated February 22, 1933, wherein he named his widow, Henrietta A. Corey, sole executrix and trustee and gave her his entire estate outright except the income of a $10,000 trust fund created for the benefit of his brother. The will was proved and letters testamentary granted on January 15, 1940, to the widow, who died on July 10, 1940.

Decedent had a safe deposit box at the Fifth Avenue office of the Bankers Safe Deposit Company which he had rented on March 2, 1936, and which, by virtue of his designation, could be opened by Henrietta A. Corey as his deputy. This box, when opened after his death, contained various securities, most of which belonged to the decedent. There were also found therein two statements in decedent's handwriting headed respectively: " Inventory of assets — H. A. Corey November 1–1938 " and " Inventory of assets — E. M. Corey November 1–1938 ". The appellant contends that the securities found in the box and listed on the former statement were the property of Henrietta A. Corey and not of the decedent. In addition to the two statements mentioned the box contained a declaration signed by and in the handwriting of the decedent, reading as follows: " January 1, 1920. All bonds in this box with the exception of one bond of $500. marked property of S. E. Corey are the sole property of Henrietta A. Corey of 146–11 Beech Avenue, Flushing, N. Y. (signed) E. M. Corey ".

The securities in question were bearer coupon bonds, purchased at various times between 1924 and 1938. It appears from the affidavit of the appellant submitted to the appraiser that there was no available record showing who purchased the bonds. There is evidence that the decedent before his death told the appellant that the bonds " were the property of Mrs. Corey " and that the latter, after her husband's death, had " stated on more than one occasion that the bonds in the box were her personal estate ". The record discloses that Mrs. Corey exercised dominion over some of the securities prior to her husband's death. Bonds of the Baltimore & Ohio Rail-

road and Brooklyn Manhattan Transit Company were surrendered and certificates of deposit issued in her name by the respective depositaries.

Within the rule laid down in *Govin* v. *De Miranda* (140 N. Y. 474), which was restated in *Miller* v. *Silverman* (247 N. Y. 447), the statement must be regarded as a written admission of the decedent that the bonds were the property of his wife. Further confirmation of her ownership is found in her exercise of dominion over some of them and the oral admissions of the decedent. While the record is devoid of any proof as to the manner of her acquisition, it is equally true that there is no proof of a gift or transfer of them by the decedent to her. In fact, there is no proof that the securities ever belonged to the decedent. In the absence of the same there is no basis for a finding that the decedent gave or transferred them to his wife. The date indicated on the statement sheds no light either on the time or manner of her acquisition. The only finding which can be made on the record is that the bonds were the property of the decedent's wife and, hence, not taxable in the decedent's estate. What has been said applies with equal force to the $500 bond marked and declared by the decedent to be the " property of S. E. Corey ". The same ruling will be made with respect thereto. Submit order on notice sustaining the appeal and modifying the taxing order accordingly.