In the Matter of the Accounting of LINCOLN ROCHESTER TRUST
COMPANY, as Executor of BEATRICE V. EARLEY, Deceased.

Surrogate's Court, Monroe County, April 17, 1950.

*Dallas C. Newton* and *W. Robert Morgan* for executor,
petitioner.

*Gerald I. McCarthy* for Nora Conway and others, respondents.

*Oswald P. Backus* for John Earley, respondent.

WITMER, S. In this judicial settlement proceeding petitioner has shown that there were in testatrix' safe deposit box at her death four envelopes containing securities which belonged to the testatrix when placed in said envelopes. On each of the four envelopes testatrix had written something, hereinafter quoted, which has caused petitioner to ask the court to determine herein whether said securities belonged to testatrix at her death or in part to respondents. The court's jurisdiction herein is not doubted. (*Matter of Kopperl*, 197 Misc. 640.) Three respondents have filed separate '' Proofs of Claims '' in which they allege that testatrix was indebted to them respectively to the extent of the securities in said envelopes, and they claim that testatrix gave said securities to them in accordance with the notations on said envelopes. A fourth respondent, John Earley, an adult serviceman, has filed no claim of any sort.

The four envelopes are in evidence, exhibits 1, 2, 3 and 4, respectively. Testatrix wrote on the back of said envelopes as follows:

(Ex. 1) "No. 80575E
& No. 80576F
2 ½% Treas Bonds
Given by Me March
27th 1947 to
Mrs. Nora Conway
Sister No 80575E          500 00
          and to
Nora Earley
Niece No 80576F          500 00

          B V Earley "

(Ex. 2) " This Baby Bond No
D 440313C Due Aug
~~1938~~ 1948 amount at
Due Date   500 00
is the property of
Mrs. Mary Hewitt as
I have this date Sept
10, 1938 given to her my
share of said bond

          B V Earley "

(Ex. 3) " 260 Shares Imperial
Oil of Canada
Property of
Lawrence Hewitt          25 shares
John          "          25   "

Mary Taylor [Hewitt]   25 shares
Lawrence Hewitt, Jr.    25    "
John & Nora Earley      60    "
Ann Conway and
Nora Conway           100    "

" I have given all my interest
in these to the above
persons and are holding
them for safe keeping

B V Earley "

(Ex. 4) " #118994D          100 00
         #118995E          100 00
         #60945E            50 00
         #60946F            50 00
         #60947H            50 00

" All of above  350 00
Gene, Tony and Nora Fox
#25813C           500 00
~~#H00057068      500 00~~
                   out

" Mrs Nora Conway
and Esther Fox
each 250 00        (Originally written " 500 00 ",
                    and overwritten to be 250.00)

" These bonds the
property of above
and held by me for
them

B V Earley "

Mary Hewitt, named in exhibit 2, is the same person as Mary Taylor Hewitt referred to in exhibit 3. Lawrence Hewitt, named in exhibit 3, died in September, 1947. Nora Earley, named in exhibit 3, became Nora Earley Flynn by marriage on July 23, 1947, and testatrix attended her wedding. Although duly cited, there is no appearance herein in behalf of the estate of Lawrence Hewitt, deceased, or his distributees or legatees, or in behalf of Mary Taylor Hewitt, John Hewitt, Lawrence Hewitt, Jr., Gene Fox, Tony Fox, Nora Fox or Esther Fox. Respondent, Nora Conway, claims one 2½% Treasury Bond No. 80575E under exhibit 1, a half interest in 100 shares of stock of Imperial Oil of Canada, Ltd., under exhibit 3, and a half interest in the $500 U. S. Treasury Bond No. 25813C. Respondent Nora Earley

Flynn claims one 2½% Treasury Bond No. 80576F under exhibit 1, and a half interest in sixty shares of stock of Imperial Oil of Canada, under exhibit 3. Respondent Ann Conway Hefferon claims a half interest in 100 shares of stock of Imperial Oil of Canada, under exhibit 3. If the above respondents are entitled to said respective securities, respondent John Earley is likewise entitled to a half interest in sixty shares of stock of Imperial Oil of Canada, under exhibit 3.

The attorney appointed by the court in behalf of respondent John Earley to protect his interest herein, has frankly acknowledged that as he views the law his respondent is not entitled to the stock which testatrix had noted for him on exhibit 3. The other respondents contend that an *inter vivos* gift of the respective securities was made by the testatrix to them, that from the respective dates of writing said exhibits she was merely acting as custodian of said securities for them, and that they are the owners thereof and entitled thereto.

No evidence of delivery and acceptance of such gifts has been presented other than testatrix' notations on said exhibits. Accordingly, the alleged gifts failed of completion (*Beaver* v. *Beaver*, 117 N. Y. 421, 428; *Matter of Van Alstyne*, 207 N. Y. 298, 308; *Vincent* v. *Rix*, 248 N. Y. 76, 83), unless delivery and acceptance can be presumed from the state of the securities at testatrix' death. It is true, as respondents contend, that under certain circumstances delivery and acceptance may be proved by declarations of the donor. (*Mutual Life Ins. Co.* v. *Holley*, 280 N. Y. 330; *Miller* v. *Silverman*, 247 N. Y. 447; *Govin* v. *de Miranda*, 140 N. Y. 474; *Matter of Woodin*, 36 N. Y. S. 2d 448.) The evidence in the last-cited cases, however, was much stronger than in the case at bar. In the *Holley* case, (*supra*) the evidence showed a symbolic delivery. In the *Miller* case (*supra*) the evidence showed that the donee frequently accompanied the donor to the safe deposit vault where the donor and donee removed the donor's box and handled the securities therein and replaced the box; and the same was true in the *Woodin* case (*supra*). In the *Govin* case (*supra*) it was not shown that the donor ever owned the property in question. In all of said cases the property involved was capable of complete manual delivery to the donee in its existing form. In making those decisions the courts did not suggest that they were changing existing principles of law.

The way to make a gift effective only upon death is by will duly executed in accordance with statute. (*McCarthy* v. *Pieret*, 281 N. Y. 407; *Matter of Guggino*, 253 App. Div. 132, 135, affd.

279 N. Y. 692; Decedent Estate Law, § 21.) To effect a valid gift *inter vivos* the donor must intend to make a present gift and must divest himself of title to the subject of the gift, which must thereupon vest in the donee (*Matter of Bolin*, 136 N. Y. 177, 180; *Matter of Humphrey*, 191 App. Div. 291; *Matter of Greenberg*, 158 Misc. 446, 449; *Matter of O'Sullivan*, 173 Misc. 554, 558); and such a completed gift *inter vivos* is irrevocable. (*Ridden* v. *Thrall*, 125 N. Y. 572, 579; *Matter of Maijgren*, 193 Misc. 814, 820.) The donor's intention is paramount in gifts *inter vivos* just as it is in testamentary gifts. (*McCarthy* v. *Pieret, supra.*)

The question is, did the donor intend an immediate and irrevocable gift of the securities to the donees? In the instant case the answer is clearly negative. Exhibit 4 shows that the testatrix listed two $500 bonds as the property of Nora Conway and Esther Fox, $500 to each. Then she removed one of said bonds, struck out the listing thereof on the exhibit, and reduced the gift to each to the sum of $250 by writing such figures over the original figures of $500. That is evidence of testatrix' intention to retain control of the bonds during her lifetime, and her actual exercise of such control, and negatives the inference that delivery had previously been made. Exhibit 3 purports to show that Lawrence Hewitt was the owner of twenty-five shares of stock of Imperial Oil of Canada. He died in September, 1947, but testatrix took no steps to transfer or deliver twenty-five shares of said stock in said exhibit to his estate or his distributees or legatees, nor did any of them take steps to obtain such transfer and delivery. Testatrix continued to collect the coupons and dividends on the securities throughout the years which intervened between the times of the various so-called gifts and her death. She also exercised in her own name certain stock rights issued on the stock of Imperial Oil of Canada. Moreover, the certificate of 260 shares of stock of Imperial Oil of Canada, contained in exhibit 3, could not be delivered to the eight persons designated by testatrix as donees thereof except by handing it to all of them or to one or more of them to receive in behalf of all of them, and there is no evidence of such delivery. Furthermore, there is no evidence that any of said donees ever knew of the alleged gifts or ever accompanied testatrix to her safe deposit box, or in any way received even a symbolic delivery of the securities. The donees were relatives of various degrees, but it does not appear that they were close to testatrix or in any respect familiar with her affairs or in a position to become so.

The evidence discloses an intent on the part of the testatrix not to make irrevocable gifts at the times indicated on the

exhibits, but to circumvent the estate tax laws and the law of wills. Testatrix' retention and exercise of dominion over the securities, including the collection of dividends and coupons and the exercise of stock rights, reveal that she had no intention of vesting title in the donees at once. (*Curry* v. *Powers,* 70 N. Y. 212; *Matter of LaFontaine,* 257 App. Div. 868, affd. 281 N. Y. 872; *Matter of Humphrey,* 191 App. Div. 291, *supra; Peoples Trust Company* v. *Dickson,* 126 Misc. 580, affd. 220 App. Div. 742; *Matter of Downey,* 68 N. Y. S. 2d 407, 411.)

Testatrix' writings on exhibits 1 through 4 are merely evidence of completed gifts. Under the circumstances of this case the normal presumption of delivery and acceptance arising from the donor's written declarations of gifts is overcome by the surrounding facts, as the court in *Miller* v. *Silverman* (247 N. Y. 447, 450–451, *supra*) indicated might occur. Such is the holding of many cases. (*Beck* v. *Staudt,* 149 App. Div. 35, affd. 208 N. Y. 566; *Gegan* v. *Union Trust Co.,* 129 App. Div. 184, affd. 198 N. Y. 541; *Matter of Courtney,* 236 App. Div. 30; *Matter of Smith,* 132 Misc. 421; *Matter of Kessler,* 173 Misc. 716, and *Matter of Solot,* 50 N. Y. S. 2d 401.) In *Matter of Woodin* (36 N. Y. S. 2d 448, *supra*), Surrogate FOLEY recognized this principle when he said (p. 449): " Under certain circumstances, not present here, the fact that a delivery might have been impossible would justify a finding that a gift had not been made."

The court finds that testatrix did not attempt to make a completed gift *inter vivos* of the securities contained in said envelopes at the times of the writings thereon, but intended the gifts to become operative only upon her death. It is held, therefore, that the securities contained in the four envelopes, exhibits 1 through 4, remained the property of testatrix at the time of her death, and petitioner must administer them along with the other assets of this estate; and the claims of respondents to such securities by virtue of the alleged gifts *inter vivos* are denied.

Submit decree accordingly.