In the Matter of the Estate of ARAMINTA MILLER, Deceased.

Surrogate's Court, Orange County, December 4, 1950.

*Donald H. McCann* for William Junger, petitioner.

*George B. Overhiser* for John D. Pitts, as administrator of the estate of Araminta Miller, deceased.

Taylor, S. This is a " reverse " discovery proceeding. It appears from the testimony that sometime before he went to Florida the petitioner, William Junger, delivered a $5,000 United States Savings Bond in coupon form to the decedent stating at the time of the delivery that if decedent would take the bond, put it in a safe-deposit box he would retake possession of it upon his return from Florida, and if he failed to return that the decedent could have it. The gift, if there can be said to have been one, was something in the nature of a gift *causa mortis* (as to which query 28 C. J., Gifts, § 100). As the lips of the decedent and those of the petitioner, the latter by virtue of section 347 of the Civil Practice Act, are sealed with respect to any transaction or conversations between the two principals we must rely upon the testimony of others and upon the circumstances.

It further appears from the testimony that the petitioner and decedent had been acquainted for a number of years and apparently the petitioner felt very kindly toward the decedent because the latter had looked after his mother.

The proof also shows that the decedent did rent a safe-deposit box which was in the joint names of the principals, which fact inferentially bears out the petitioner's version of the circumstances. It seems also that the decedent clipped one of the coupons and instead of using it for her own purposes deposited it in a savings bank account and stated to a witness that she had done so so that the petitioner might have the money upon his return.

From the other side of the picture it appears that the bond in question was found in the jointly rented safe-deposit box after the decedent's death enclosed in an envelope upon which there was printed and written

" Property of
Name of Minta Miller
Address 183 1st St Newburgh ".

The administrator argues with considerable logic that the finding of this property in this envelope so marked is proof of the decedent's ownership, and cites *Miller* v. *Silverman* (247 N. Y. 447) and were the manner in which this envelope was delivered to this decedent not indicated in the proof, then the circumstance mentioned would certainly be very strong, if not conclusive, proof of a gift. It also appears in the record that the envelope in question was delivered by the petitioner to the decedent sometime after the delivery of the bond. Then, too, the words

" Property of
Name
Address "

were printed upon the envelope and the writing in of the decedent's name and address by the petitioner upon the two lines indicated for that purpose cannot have the probative force there would be if all the words were in the petitioner's handwriting. In the *Miller* case (*supra*) the entire inscription on the envelope was written by the donor and there was a slip of paper in the envelope with similar writing thereon.

Against this background and in the light of the rule that the burden of proof of a gift is upon the donee (*Matter of Maijgren,* 193 Misc. 814), the administrator has failed to produce a preponderance of proof in his favor.

The conclusion is that the making of the gift has not been shown and that the petitioner is entitled to the bond in question.

Decree may be settled by consent or on three days' notice.