J. Maynard Jones, S.
The question submitted on an agreed statement of facts is for the determination of the effect of decedent’s handwritten indorsements on two unsealed envelopes containing currency, found in a safe-deposit box after his death. One envelope bore the legend “ Property of Gertrude L. Auld the other, “ Property of Florence J. Irion Mrs. Auld and Mrs. Irion were sister and sister-in-law, respectively, of testator and had no knowledge of the existence of the envelopes until after his death. It is their contention that they are the owners of the envelopes and the contents, by virtue of an inter vivos gift or by a declaration of trust on the part of the deceased.
It is elemental that there must be intent, delivery, and acceptance to make a valid inter vivos gift. While the money, presumably placed in the envelopes by the testator, and the indorsements in his handwriting constitute an express intention to make gifts, without delivery testator never effectuated such intention. “ The law applicable is well settled that delivery there must be.” (Matter of Lafler v. O’Brien, 1 A D 2d 84, 85.) “ The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit; there must be a change of dominion and ownership; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.” (Vincent v. Rix, 248 N. Y. 76, 83.) There is no delivery of any kind indicated in the present case. The testator kept control of the envelopes and could use any or all of the currency at will. Apparently, no one except testator had any knowledge of the envelopes or their contents until the discovery of the same after his death. If testator had intended an immediate gift, he had ample opportunity when he made his last visit to the safe-deposit vault one month before his death. Both claimants accompanied him to the bank and were present in the building, although not in the vault itself.
Claimants rely heavily on Miller v. Silverman (247 N. Y. 447), contending that the indorsement alone is sufficient to establish their ownership. In that case, however, “ The Court of Appeals did not say that such labels as were found in the box of deceased *259 in the cited case establish a gift as matter of law.” (Matter of Kessler, 173 Misc. 716, 720.) The court simply held that “ they constituted evidence that all acts necessary to the vesting of title in her had been performed, and that an entry or memorandum made by a deceased person against his interest * * * is in general admissible against his estate in favor of a party seeking to establish the facts stated.” (Matter of Smith, 132 Misc. 421, 423.) The Court of Appeals in the Silverman case held that the replevin action should not have been dismissed as a matter of law, when there was substantial evidence to show plaintiff’s ownership of securities. It did not hold, however, that such memorandum was in itself sufficient instrument of the transfer.
Here we have the admitted fact that the money was presumably furnished by testator, that he retained complete custody and control in a safe-deposit box, to which he had access and to which neither claimant had access. Neither claimants nor the brother of the trustee, who was the other registered lessee of the safe-deposit box, had knowledge of the envelopes until long after testator’s death.
As trier of the facts, the court holds the indorsements “ Property of Gertrude L. Auld ” and “ Property of Florence J. Irion ” are not and were not intended to be declarations of transfer effective in the lifetime of the deceased. The court holds such writings were intended to have prospective and testamentary effect only and were not intended to operate until the death of the deceased. Any weight the written declarations may have as evidence of a completed gift is overcome by the surrounding circumstances. The court holds testator did not intend to make a completed inter vivos gift. ‘‘ The way to make a gift effective only upon death is by will duly executed in accordance with statute. ’’ (Matter of Earley, 198 Misc. 727, 730.)
The fact that decedent placed the envelopes in a box leased -in his name and that of another as trustee, when in fact he had a box in his own name in another bank, is not sufficient to establish his intent to create a trust. The court finds all the elements of a declaration of trust are lacking. (Young v. Young, 80 N. Y. 422.)
The court holds the currency contained in the two envelopes is an asset of the estate and should be distributed in accordance with the will. The claims of Gertrude L. Auld and Florence J. Irion are denied.